JUDGE ELLIOTT
delivered the opinion oe the court.
Appellee, in his petition, claims that appellant, on the 28th of May, 1875, sold to him a bakery establishment, located on the corner of Thirteenth !and Walnut streets, in the city of Louisville, and also leased to him his residence and the premises on which said bakery was located, together with his good will, etc.
By the terms of the agreement appellee charges that the value of one large scale, two double-beam scales, two small scales, seven show-cases, tools and fixtures, bake-shop, one horse, wagon, and harness, the stove in said store, and one ice-chest was agreed on between the parties, and fixed at $775. The other articles purchased by appellee, as well as the rent of the premises and the good will of appellant, were to be valued by two disinterested individuals, one of whom to be selected by each party to the contract, and appellant was to pay $2,250 in cash when said valuation was made, and for the remainder execute his notes, with good security, payable six, twelve, eighteen, and twenty-four months after date, and said appraisement or valuation was to commence on the 28th of May, 1875.
On the day named for the valuation of the said articles named in the written contract the appellant refused to proceed therewith, but made default; and this suit was brought by appellee, and judgment for $400 recovered by him in damages by reason of appellant’s failure and refusal to comply with his contract.
On the trial of this cause the appellee, against the objections of appellant, was permitted to prove the probable profits that appellee could have made by running the bakery establish *320 ment at the place of its location, and there being a denial in the appellant’s answer that he ever made the contract by himself or agent, appellee was permitted to prove against appellant’s objection that appellant’s attorney and agent, Lane, had said to appellee, after the 28th of May, 1875, that appellant had violated his contract with appellee and had acted badly.
We are of opinion that the foregoing evidence should have been refused in the court below. The prospective or imaginary profits which the appellee might have realized by running the bakery is not the true criterion by which to fix the amount he has been damaged.
According to the evidence Mr. Lane, as appellant’s agent, entered into the contract sued on with Mr. Young, the appellee’s agent; and Lane swears that he, after the contract was signed, refused to deliver it till he consulted his principal, the appellant, and, on consultation with him, he refused to agree to the contract, and that he (Lane) never delivered it as the contract of appellant; and any declaration of said agent made after the supposed breach of said contract, and after his agency had expired, was inadmissible to affect the rights of his principal growing out of the contract.
We are of opinion that for all the articles purchased, and which were to be valued under the contract, as well as the rent of the house and the purchase of the good will of appellant, the appellee can only recover nominal damages, as the presumption is to be indulged that the appraisers would have fixed the prices at their real value; but if the articles which appellee claims he bought at $775 were worth more than said sum, the appellee will be entitled to the difference between their real value at the time and place of sale and' the price agreed on, in damages, if he succeeds in the action.
If Lane, as attorney or agent of appellant, refused to deliver the contract sued on, and it never was delivered as a *321 contract between the parties, or was never assented to and ratified as the contract of appellant, the appellee can not recover at all in this action, because the written covenant of sale to him is the foundation of this action. The petition of appellee does not indicate what injury he has sustained, and as the pleadings now stand the appellee will only be entitled to nominal damages if he succeeds in the action.
The judgment of the lower court is reversed and the cause remanded with permission for either party to amend his pleadings, and for further proceedings consistent with this opinion.