Plaintiff filed this suit to recover damages in the sum of $835.62, which damage he alleges was caused by the negligence of the driver of defendant's truck when said truck ran into a truck owned by the plaintiff on August 3, 1943. It is alleged by plaintiff in his supplemental petition that he was proceeding north on the Bush-Bogalusa highway and extended his left hand to make a left turn onto a road leading into Sun; that defendant's large oil truck was proceeding at an excessive rate of speed and ran into plaintiff's truck from the rear.
The damage claimed is for $115.62 cost of repair to plaintiff's truck, and the sum of *Page 369 
$720 for loss of the use of the truck for thirty days at $24 per day. An answer was filed by the defendant, making what amounts to a general denial. On July 21, 1944, counsel who filed the answer for the defendant filed a motion to withdraw from the case for the reason that the answer was filed for an insurance company which was under the erroneous belief that it was the insurer of the defendant, but had since discovered that its coverage did not extend to the defendant in the case.
On the same day that this motion of counsel to withdraw from the case was filed and granted, the plaintiff was permitted to introduce evidence and the case was left open and the defendant ordered notified and given an opportunity to produce his evidence. No evidence being produced by the defendant within a reasonable time, the court rendered a judgment in favor of the plaintiff as prayed for.
The defendant thereafter asked for and was granted an appeal from the judgment.
[1, 2] The principal point urged by the defendant on the appeal is that the plaintiff failed to prove his claim for the amount of damages awarded him by the judgment. He does indicate that the evidence is not sufficient to show that the driver of the truck which ran into plaintiff's truck was an employee of the defendant and acting within the scope of his employment. Without going into the details of the evidence, we are convinced that the negligence of the driver of an oil truck owned by the defendant caused the accident. The evidence, while not very clear and positive, also shows that the driver of this truck was an employee of the defendant; that the defendant owned the truck, and this proof is sufficient to make out a prima facie case to the effect that the driver was at the time acting within the scope of his employment. Antoine v. Louisiana Highway Commission, La. App., 188 So. 443.
Plaintiff proved the cost of repair to his truck to have been $115.62. He also proved that he had the truck leased to the Horace Williams Company at the time for $2 per hour. He testified that the truck was in the repair shop for thirty days and that he lost $24 per day on the truck during this time; that the truck would have worked every one of these days had it not been in the shop for repairs.
[3, 4] The lease contract which plaintiff offered in evidence provides that the truck was rented by the hour fully maintained, including "operates" (evidently meaning operator), fuels, oil, greases, maintenance and repairs, installation and any other expenses incurred in its operation. If this means (and it can mean nothing else) that plaintiff was to furnish an operator for the truck, gas and oil, maintain it, and pay all expenses of operation, it is obvious that he would not have made a clear profit of $24 per day on the truck for the time it was in the shop for repair. He can only recover for his actual loss by reason of the truck being out of use for a reasonable time in order to repair it. The evidence in the record is not sufficient to determine with any degree of legal certainty the amount of loss that plaintiff sustained on this item, and the case will have to be remanded for further proof.
For the reasons assigned, it is ordered that the judgment appealed from be avoided and set aside, and it is now ordered that the case be remanded to the district court for further proof on the item of damage claimed for the loss of the use of the truck in the sum of $720, all in accordance with law and the views herein expressed; plaintiff to pay the cost of the appeal, and all other cost to await the final termination of the case.