34 So.2d 689

**WILSON & CO., Inc., v. SIMS.**

**6 Div. 592.**

Supreme Court of Alabama.

April 8, 1948.

Spain, Gillon, Grooms & Young and H. H. Grooms, all of Birmingham, for appellant.

Taylor, Higgins, Koenig & Windham, of Birmingham, for appellee.

SIMPSON, Justice.

■ The rule in Alabama for the measure of damages for the injury to a commercial vehicle is the damages which would remunerate the plaintiff for necessary repairs in substantially restoring the vehicle to its former condition and the market value of its use or hire during the time required to make such repairs and fit it for business. Southern Ry. Co. v. Reeder, 152 Ala. 227, 236, 44 So. 699, 126 Am.St.Rep. 23; Plylar v. Jones, 207 Ala. 372, 92 So. 445. This seems to be the rule in most of the jurisdictions. 4 A.L.R. 1352, Annotation a; 1355 b; 78 A.L.R. 911, Annotation a, 912 b. .

The jury was given no instructions as to the correct measure of damages in the case,. nor was there any evidence of the reasonable value of the use or hire of the disabled vehicle during the period it was out of service for necessary repairs. The jury was allowed to speculate as to this element of damages and to proceed on the wrong theory in awarding a recovery and the predicate for error laid in this regard by objection to certain evidence and in motion for new trial necessitates a reversal of the judgment.

■ The written lease (noted by the reporter) of the truck to Deaton Truck Lines. afforded no basis on which to rest such an award, since there was no proof that the lease was commensurate with the market or reasonable rental value of the vehicle and its introduction did not suffice as proof to satisfy the rule as to the measure of this. element of damages nor to relieve them from being speculative.

■ The plaintiff sought to rest recovery for the loss of use of the truck on. proof of loss of profits during the period it was laid up for repairs, but this is not permissible in this kind of a case. The weight of authority does not support such a theory nor have our own courts sanctioned it. The following text in American Jurisprudence, Vol. 5, p. 908, § 751, states what we conceive to be the pertinent rule: "While the loss of prospective profits may, in certain circumstances, be considered as an element of damages for injury to a commercial vehicle, the weight of authority is. to the contrary. In no event, however,, may one recover for loss of profits that are purely speculative or problematical."

The "certain circumstances" mentioned in the quoted text—and not here pertinent under the pleading and proof if such exception to the rule were to be approved—generally appears to refer to those cases where an award of loss of profits is allowed when no substitute motor vehicle can be obtained in the market while plaintiff's vehicle is being repaired. 4 A.L.R. 1361 c, and cases; 42 C.J. 1294, § 1171, and cases n. 52, 53, p. 1298, § 1179, n. 32.

The cases bearing on the question and supporting the general rule are cited in the annotations, some of which are: Fritts v. New York & N. E. R. Co., 62 Conn. 503, 26 A. 347; Weick v. Dougherty, 139 Ky. 528, 90 S.W. 966, 3 L.R.A.,N.S., 348; Dixon v. Boeving, Mo.App., 208 S.W. 279; Universal Taximeter Cab Co. v. Blumenthal, Sup., 143 N.Y.S. 1056; Naughton Mulgrew Motor Car Co. v. Westchester Fish Co., 105 Misc. 595, 173 N.Y.S. 437; Hastings v. Taylor, 188 N.Y.S. 421; Conley v. Kansas City R. Co., Mo.App., 259 S.W. 153; Francischini v. McMullen, 142 A. 651, 6 N.J.Misc. 736; Carkuff v. Geophysical Service, La.App., 179 So. 490; Houlton v. Nichols Truck Line, La.App., 23 So.2d 368; Hawkins v. Garford Trucking Co., 96 Conn. 337, 114 A. 94; Deslandes v. Scales, 187 Ala. 25, 65 So. 393; Southern Ry. v. Crowder, 135 Ala. 417, 33 So. 335; Woodward Iron Co. v. Curl, 153 Ala. 205, 44 So. 974.

▇ Counsel, to sustain the affirmance of this award of damages, relies on the line of decisions such as in City of Birmingham v. Levens, 241 Ala. 47, 200 So. 888, where in a personal injury suit the plaintiff is permitted to prove loss of commissions or earnings during the period of disablement. It is to be noted in such cases, though, that such loss of earnings is not the proper measure of damages. The admissibility of such evidence is rested on the theory that the plaintiff's resulting loss of time and consequent loss of earnings or the diminution of earning capacity is to be considered by the jury in aiding them in estimating just compensation for being prevented by the injury from engaging in his work. City of Birmingham v. Levens, supra; Bankers' Mortg. Co. v. Sproull, 220 Ala. 245, 124 So. 907; Strickland v. Davis, 221 Ala. 247(9), 128 So. 233.

▇ This is different, however, from allowing the proof of the loss of profits, and as observed in 15 Am.Jur. 498, § 88, on this question:

"* * * In this regard, however, it should be borne in mind that loss of earnings is distinct from loss of profits, the difference being that earnings are the fruit or reward of labor, the price of services performed, while profits represent the net gain made from an investment or from the prosecution of some business after the payment of all expenses incurred. The injured person is entitled to compensation for loss of earnings derived from personal effort, skill, or ability or for the destruction or impairment of his ability to perform labor or render service which is essentially and fundamentally personal in character. Generally, in either case, compensation is limited to earnings which are the result of personal effort. As a general rule, therefore, recovery is not allowed for the loss of business or profits from invested capital or the labor of others no matter how prominent the injured person's part therein or how essential to its successful operation his connection with it may be. * * *"

See also Baxter v. Philadelphia & R. R. Co., 264 Pa. 467, 107 A. 881, 9 A.L.R. 510 and Loschiavo v. Northern Ohio T. & L. Co., 106 Ohio St. 61, 138 N.E. 372, 27 A.L.R. 430 and cases cited.

We do not think the yardstick of loss of profits was the correct measure of damages in the case and that error prevailed in so considering it, necessitating a reversal of the judgment.

Reversed and remanded.

GARDNER, C. J., and BROWN and LIVINGSTON, JJ., concur.