190 So.2d 696

**LOUISVILLE & NASHVILLE RAILROAD CO.**

v.

**BOND TRANSFER & STORAGE CO., Inc.**

**3 Div. 133.**

Supreme Court of Alabama.

Sept. 29, 1966.

Steiner, Crum & Baker, Montgomery, Ed Leigh McMillan, Brewton, and B. E. & R. L. Jones, Evergreen, for appellant.

Hugh M. Caffey, Jr., Brewton, for appellee.

PER CURIAM.

This is an action of appellee against appellant for damages to a motor tractor and trailer growing out of a collision with a railroad engine of appellant at a public crossing in Flomaton, Alabama. The complaint contains two counts charging negligence to the defendant in the operation of its engine and claiming damages to the motor vehicle, and also damages for loss of use of the vehicle and of revenue during its repair. Judgment for plaintiff. Defendant appeals.

Assignments of Error 23, 24 and 25 present the question of the admission in evidence by the lower court, over timely objection of defendant, as to the amount of profits the truck involved in the accident might have made during the time it was not operating and while under repair. We have reviewed the evidence presented by these assignments and find that objections to some questions as phrased pertaining to loss of profits during the repair period were sustained, but timely objection to the following question propounded to plaintiff's witness by plaintiff's attorney was

overruled, and the witness, an officer of the corporate plaintiff, was allowed to answer. We copy from the record as follows:

"Q. Sam, based upon your five years experience in the trucking field, based upon your knowledge of profits that can be derived through the operation of a rig such as was damaged in this suit, can you state the amount of net profits that you lost during this 75 days period of time?

"MR. B. JONES: I just want to get my objection in—that's not the correct way to show damages in this case.

"THE COURT: I overrule the objection.

"MR. JONES: We except.

"Q. State to the jury that amount please sir?

"A. Just the amount, not how I arrived at it?

"Q. No, not how you arrived at it—just the amount?

"A. Eleven hundred forty-five dollars and eighty three cents, net.

"Q. A net profit loss for 75 days?

"A. Yes."

The trial court in its oral charge recognized the admission of evidence pertaining to loss of profits. It observed as follows:

" * * * and I charge you as a matter of law, that the defendant would be entitled to recover any loss that he might have sustained by the truck being out of use for whatever number of days—a reasonable length of time that you figure it would have been out, and he's charged with the responsibility of trying to minimize the loss or damage along that line if he possibly can."

■ Where improper items of damages are claimed, the appropriate remedy is by motion to strike the objectionable items from the complaint, or by objections to the evidence, or by instructions to the jury. Gilliland v. Hawkins, 216 Ala. 97(2), 112 So. 454: Here, the defendant objected to the evidence as to this improper item of damage, but without avail.

This Court, in the case of Wilson & Co. v. Sims, 250 Ala. 414, 34 So.2d 689, in an action to recover damages to a motor truck and trailer growing out of a collision with another motor truck of defendant, observed:

"The plaintiff sought to rest recovery for the loss of use of the truck on proof of loss of profits during the period it was laid up for repairs, but this is not permissible in this kind of a case. The weight of authority does not support such a theory nor have our own courts sanctioned it. The following text in American Jurisprudence, Vol. 5, p. 908, § 751, states what we conceive to be the pertinent rule: 'While the loss of prospective profits may, in certain circumstances, be considered as an element of damages for injury to a commercial vehicle, the weight of authority is to the contrary. In no event, however, may one recover for loss of profits that are purely speculative or problematical.'

"The 'certain circumstances' mentioned in the quoted text—and not here pertinent under the pleading and proof if such exception to the rule were to be approved—generally appears to refer to those cases where an award of loss of profits is allowed when no substitute motor vehicle can be obtained in the market while plaintiff's vehicle is being repaired. 4 A.L.R. 1361c, and cases; 42 C.J. 1294, § 1171, and cases n. 52, 53, p. 1298, § 1179, n. 32."

Then follows the citation of many other cases supporting the general rule. See also Alabama cases: Plylar v. Jones, 207 Ala. 372, 92 So. 445(2); Fuller v. Martin, 41 Ala.App. 160, 125 So.2d 4(2); Hunt v. Ward, 262 Ala. 379, 79 So.2d 20(9).

While we have not treated other assignments of error, we do not mean to exclude appellant's ascription of merit. We pretermit consideration of these other assignments because the errors complained about may not occur or rise to dignity at the next trial. The future evidence may be sufficient to eliminate many of the contentions of error made on this appeal.

As said in Wilson & Co. v. Sims, supra, we do not think the yardstick of loss of profits was the correct measure of damages in the case and that error prevailed in so considering it, necessitating a reversal of the judgment and a remandment of the cause.

The foregoing opinion was prepared by B. W. Simmons, Supernumerary Circuit Judge, and was adopted by the Court as its opinion.

Reversed and remanded.

LIVINGSTON, C. J., and LAWSON, GOODWYN and COLEMAN, JJ., concur.