206 So.2d 610

**T. W. DEAN, d/b/a Dean Motor Co.**

**v.**

Georgie Anne **JOHNSTON.**

**5 Div. 840.**

Supreme Court of Alabama.

Jan. 11, 1968.

Reneau & Reneau, Wetumpka, for appellee.

H. Gerald Reynolds, Alexander City, for appellant.

HARWOOD, Justice.

This is an appeal from a judgment in favor of the defendant in a suit claiming

damages growing out of a collision between the plaintiff's tractor truck with a house trailer attached thereto, and an automobile driven by the defendant.

The tractor truck was being driven by Bobby J. Hawkins, a servant, agent, or employee of the plaintiff at the time of the collision.

The defendant's demurrer to the complaint being overruled, the pleading was thereafter in short by consent, etc.

Hawkins testified that the tractor truck was 7 or 8 feet wide, and the house trailer was 10 feet wide. He had a permit for a wide load vehicle for this trip. He came down a "small" hill at a speed of 35 miles per hour, and entered upon a bridge which was approximately 20 feet wide. While on the bridge he saw an automobile driven by the defendant approaching from the opposite direction about 300 feet away and hurried to clear the bridge. His rig had cleared the bridge by some 30 feet when the oncoming automobile started skidding and he drove to his right side of the road. The defendant's automobile slid across the center line of the roadway approximately 4 feet and struck the house trailer. Considerable damage was done to the truck and trailer as a result of the collision. Hawkins testified that he examined the tires of defendant's automobile after the accident and they were all slick.

The defendant testified that it had been raining on the day of the accident, and was still overcast when the collision occurred When she first saw the truck approaching, it was some 450 feet away, and about 150 feet from the bridge. The truck was over the center line of the bridge as it crossed. She tried to slow down but her automobile began sliding and she did not know what happened after that, though the truck was completely across the bridge when the collision occurred. The defendant testified that only one of her tires was slick.

During the cross examination of Hawkins, he was asked if he had ever been arrested for violation of the rules of the road. Objection was interposed by the plaintiff. At this point, the jury was excused and a six-page colloquy between respective counsel and the court ensued.

The jury was returned, and the court announced he was overruling the objection, but "I'll give you an exception to my ruling where you can review it."

The witness was then asked if he had ever been arrested or charged with any violation of the rules of the road. The witness replied "about three times in three years" for speeding.

The witness was asked if he had ever been caught for speeding while he was driving one of Mr. Dean's vehicles. Objection to this question being overruled, the witness replied he had been arrested one night prior to the accident while driving an automobile not a truck, belonging to Mr. Dean, and Mr. Dean had paid his fine in this instance. Otherwise, Dean had not been informed of any of his previous arrests.

It appears from remarks by the court that the rulings were induced by the fact that since the pleading was in short by consent, the evidence sought would be material to the question of whether Dean, the plaintiff, was guilty of contributory negligence because of the employment of an incompetent servant, and that the evidence sought went to this question.

■ In the first place, the questions as framed sought evidence of no probative value, in that they sought evidence as to whether Hawkins had ever been "arrested" or "charged" with speeding, or "caught" speeding.

■ While a witness' prior *conviction* for a crime involving moral turpitude may be shown as going to his credibility (see Sec. 734, Title 7, Code of Alabama 1940), a mere "arrest" or "charge" or being "caught" possesses no probative value to prove his guilt of any offense, and such

evidence is meaningless and obscure. As stated in Meador v. State, 37 Ala.App. 573, 72 So.2d 418:

"This very obscurity does however furnish a nourishing medium for the production of ineradicable prejudice."

The above observations would in our opinion necessitate a reversal of this judgment.

But even had the questions been properly framed so as to elicit testimony of Hawkins' prior *convictions* for speeding, error would have ensued had objections to such line of questions been overruled. In the first place, a conviction for speeding would not involve moral turpitude.

Further, under a plea of contributory negligence the issue would be whether Hawkins' conduct was such as to constitute negligence contributing proximately to the specific accident.

Negligence is not synonymous with incompetency, nor is competency synonymous with prudence, for the most competent may be negligent, and the incompetent may under the circumstances have been prudent. The injury complained of must have been the proximate result of the servant's incompetency. Alabama City, Gadsden and A. Ry. Co. v. Bessiere, 190 Ala. 59, 66 So. 805. In other words, negligence of the servant proximately contributing to the specific accident is the determining factor, and it is immaterial that he may previously have been convicted of traffic misdemeanors which were in no way related to the accident in question.

It is true that if an owner of a motor vehicle entrusts its operation to one known to him to be an incompetent, reckless, or careless driver, the owner will be liable to one injured by the *combined negligence* of the owner and the operator. See McGowin v. Howard, 251 Ala. 204, 36 So.2d 323, for a full discussion of this doctrine. Nevertheless, the owner's liability under the circumstances is dependent upon the negligence of the driver, and the driver's negligence must be shown only by material and competent evidence of negligence proximately causing the injury.

A reference to an annotation in 20 A.L. R.2d pps. 1217–1219, shows that it has been almost uniformly held by the courts of our sister states that evidence of a driver's prior convictions for traffic violations is improperly received, in that such evidence would lead to a consideration of collateral issues having no bearing on the question of the driver's negligence in the collision involved in the immediate suit.

In Alaga Coach Line v. McCarroll, 227 Ala. 686, 151 So. 834, 92 A.L.R. 470, where an assigned error was the sustaining of an objection to a question addressed to the plaintiff, "Mr. McCarroll, didn't you have an accident down here about Headland sometime ago?", was disposed of with the terse observation, "The question manifestly called for immaterial and irrelevant testimony."

We hold, therefore, that evidence of a driver's prior convictions of traffic violations is inadmissible in a suit for damages growing out of an automobile collision where such prior convictions have no connection with the collision in question.

Counsel for appellee contends that error in the rulings, if any, should not be considered by us because, (1) there was no motion for a new trial, and (2) no exception was reserved to the rulings of the court in the premises.

The cases cited by the appellee in support of the first contention relate to the review of the sufficiency of evidence in the absence of a motion for a new trial, and have no application. The doctrine of our decisions is that the rulings of the trial court on the admission or rejection of evidence are reviewable on appeal without a motion for a new trial. Travis v. Hubbard, 267 Ala. 670, 104 So.2d 712, and numerous authorities cited therein.

As to the second contention above by appellee, exceptions to rulings or orders of a trial court have not been necessary to preserve the question since the approval on 1 April 1955 of Act No. 44. (1955 Acts of Alabama, p. 150), designated as Section 818(1), Title 7, Code of Alabama 1940 (Pocket Part).

In the event of another trial, we wish to note that the measure of damages for an injury to a commercial vehicle, should the verdict be in plaintiff's favor, is the amount of money which would remunerate the plaintiff for necessary repairs in substantially restoring the vehicle to its former condition and the reasonable value of its use or hire during the time required to make such repairs and fit it for business. Wilson & Co. v. Sims, 250 Ala. 414, 34 So.2d 689.

For the errors pointed out above, this judgment is due to be reversed.

Reversed and remanded.

LAWSON, SIMPSON and MERRILL, JJ., concur.