247 So.2d 379

**OLD SOUTHERN LIFE INSUR-
ANCE COMPANY**

v.

**Daniel Hobson FREE.**
**2 Div. 3.**

Court of Civil Appeals of Alabama.

April 21, 1971.

Jack R. Evans, Tuscaloosa, for appellant.

Clermon O. Burkhalter, Gordo, B. G. Robison, Jr., Carrollton, for appellee.

**624**

WRIGHT, Judge.

Plaintiff below, Daniel Hobson Free, appellee here, filed suit on a policy of indemnity insurance against Old Southern Life Insurance Company claiming monthly installments due under the policy from September 15, 1967, to November 15, 1968.

To the complaint, appellant, Old Southern demurred. The record indicates no ruling on the demurrer. Subsequent to filing the demurrer, appellant filed a motion to strike. The premise of the motion to strike appeared to be that the complaint claimed installments due for the months from September 15, 1967, to July 22, 1968. These installments came due during the pendency of a prior suit on the policy which claimed installments due from the date of disability of the insured up to the date of filing suit. Though not a part of the record, it appears the date of filing the prior suit was September 15, 1967. According to the motion, judgment was rendered therein on July 22, 1968.

It appears from the motion and argument in brief that appellant contends that all installments falling due during the pendency of the first suit, and prior to judgment therein, would be barred by the doctrine of res judicata because the first suit could and should have been amended to include all installments due up to judgment.

The trial court, on the day of trial, overruled the motion to strike and at the same time, upon motion of plaintiff, entered judgment by default, impaneled a jury, proceeded to take evidence and submit the case to a jury. The jury returned a verdict in favor of plaintiff in the amount of $1400 damages. Judgment was entered thereon. It is from the final judgment that appeal was taken.

██ A part of the proceedings, made the basis of assignments of error, is not included in the record before us. There are statements in brief of appellant which are not in the record and may not be considered by us on appeal. Lindsey v. Barton, 260 Ala. 419, 70 So.2d 633.

The only information available to our consideration as to what occurred at the time of the entering of judgment is contained in the court's statement in the record and to the jury after it had been selected and seated in the jury box.

██ The substance of the statement was that the case being called for trial and the defendant not appearing, default was granted upon motion and the case was to be submitted to the jury upon evidence by the plaintiff.

The court stated to the jury that the case was proceeding without defendant or its attorney because the attorney was reported in trial of a case in Tuscaloosa County, Alabama. It was explained that the case had been regularly set for trial the previous day and had been carried over one day at the request of defendant. That defendant's attorney had been called by telephone the morning of the trial and requested further continuance until 12:30 p. m. The court stated the case was next on the docket and it was not felt proper to grant further delay. Further, that the court must operate on schedule and when the continuance was granted the previous day there had been no mention of conflict with other cases in Tuscaloosa. The court expected the attorney's commitment to be present to be fulfilled. We find nothing inappropriate or prejudicial in the court's statement to the jury. Some remarks were necessary for the jury's understanding of the proceeding.

Upon presentation of plaintiff's evidence, the jury was orally charged, retired and returned its verdict for plaintiff.

Appellant's assignments of error 1, 2 and 3 charge insufficiency of the original complaint and as amended. There was a demurrer to the original complaint. There was subsequent amendment to the original complaint by adding thereto count 2. Demurrer was refiled to the amended complaint. There appears no ruling as to either demurrer.

Appellant argues that since the court proceeded to judgment after entering a default against it, that it must be presumed the demurrers were overruled. On this premise it charges error and contends the complaint, both original and as amended, was insufficient to state a cause of action. Appellant admits no authority for the presumption that the demurrer was overruled because of an absence of a ruling in the record. We do not agree to the existence of such presumption. To the contrary, the absence of a ruling on demurrer in the record presumes waiver or abandonment of the demurrer by appellant. The filing of a demurrer imposes on defendant the duty to have it submitted for hearing and appear in support thereof. If he fails to do so he abandons it and a judgment by default or nil dicit is not reversible error. Hendley v. Chabert, 189 Ala. 258, 65 So. 993; Brandon v. Leeds State Bank, 186 Ala. 519, 65 So. 341; McCord v. Harrison and Stringer, 207 Ala. 480, 93 So. 428.

It is only when defendant has on file pleadings which cast an affirmative burden of proof on the plaintiff in order to proceed to judgment, that the entering of a judgment by default or nil dicit is improper if defendant does not appear further. Green v. Jones, 102 Ala. 303, 14 So. 630; Clements v. Mayfield Woolen Mills, 128 Ala. 332, 29 So. 10. If defendant interposes only an affirmative defense by way of confession and avoidance, the burden of proof is on him and if he fails to appear to sustain it, judgment by default or nil dicit is not improper. A demurrer, in effect, is an affirmative defense. Lokey v. Ward, 228 Ala. 559, 154 So. 802.

Assignment of error 4 charges an abuse of discretion by the trial court in its proceeding with the case in the absence of counsel for appellant.

There appears of record no basis for this charge. It is clear the matter was regularly set for trial during a jury term of court. It had been continued over one day and was called for trial in order on the docket. The presence of counsel in another court in another circuit did not require an order of continuance. Conflicts of trial schedules are not unusual. The burden is upon the parties to so arrange their affairs as to serve the convenience of the courts upon proper notice.

Assignment of error 5 is directed to the propriety of entering a judgment by default since appellant had appeared in the case by filing demurrer and a motion to

strike. This contention has already been answered in our response to assignments 1, 2 and 3.

Assignments of error 6 and 7 as presented brief consist of mere restatements of assignment of error and are not sufficient for our consideration under Supreme Court Rule 9.

Assignment of error 8 charges error in the overruling of appellant's motion to strike. This assignment is in reality the main thesis of this appeal.

Appellant filed in the court below a pleading designated a "Motion to Strike." Upon the case being called for trial, the court overruled the motion.

■ The province of a motion to strike is to eliminate or remove from a complaint improper or unrecoverable elements and measure of damages claimed therein. The removal or exclusion of such improper or unrecoverable damages from consideration by the jury may as well be accomplished by objection to evidence, or by instructions to the jury. Louisville & N. R. Co. v. Bond Transfer & Storage Co., 280 Ala. 142, 190 So.2d 696.

The designated motion to strike of appellant here was not directed to improper or unrecoverable damages but was in effect a plea of res judicata as to the cause of action, or a part thereof, alleged in the complaint.

Appellant in its motion to strike alleged that there had been a prior suit between the parties on the contract of insurance. That certain monthly installments had come due between the time of the first suit and judgment therein. That the present suit included a claim for such installments that could and should have been claimed in the first suit by amendment at the time of judgment. Therefore, all installments falling due prior to judgment in the first suit are barred under the doctrine of res judicata.

Appellant states in brief that the application of the doctrine of res judicata is in need of clarification in this state. For purpose of edification we recommend the case of Gulf American Fire & Casualty Co. v. Johnson, 282 Ala. 73, 209 So.2d 212.

Title 7, Section 140, Code of Alabama 1940, provides for the very procedure complained of by appellant. This Section appears as follows:

"§ 140. Suits for breach of contracts. —If a contract be entire, but one suit can be maintained for breach thereof; but if it be severable, or if the breaches occur at successive periods in an entire contract (as where money is to be paid by installments), an action will lie for each breach; but all the breaches occurring up to the commencement of the action must be included therein."

■ It is clear that such an affirmative allegation was in bar of the cause of action and was not a proper subject of a motion to strike. It was properly overruled by the trial court.

■ Should the pleading have been considered as a plea in bar and the proof thereof conceded, it was not a good defense. The doctrine of res judicata is not applicable to separate causes of action for installments not due at time of suit, though arising out of the same contract. Contrary to argument of appellant, a cause of action arising after suit brought or which had not accrued so as to be joined in the original suit, cannot be added by amendment at law except by agreement of the parties. Aetna Ins. Co. v. Koonce, 233 Ala. 265, 171 So. 269; Parker v. Fies & Son, 243 Ala. 348, 10 So.2d 13. Amendments relate back to the commencement of suit. Title 7, Section 239, Code of Alabama 1940.

■ The remaining assignments of error are either insufficiently argued in brief to require our consideration, or refer to insufficiency of the evidence and the oral charge of the court. The latter, not having been raised in the lower court by objection, exception, or by motion for new

trial, may not be presented for the first time on appeal. Rice v. Hill, 278 Ala. 342, 178 So.2d 168; Harris v. Martin, 271 Ala. 52, 122 So.2d 116; Clark v. Hudson, 265 Ala. 630, 93 So.2d 138.

The judgment must be affirmed.

Affirmed.