John Taylor, Defendant below, appeals from a judgment based on a claim charging him with misrepresentation and breach of express warranty in connection with the sale of a truck. A jury returned a Plaintiff's verdict in the amount of $17,825.33. Taylor challenges the propriety of certain evidentiary rulings by the trial court. We reverse and remand.
The tractor-truck which is the basis of this action was sold on June 13, 1978, by John Taylor to James D. Mason, Jr., for the sum of $38,500.00. According to Mason, Taylor, through his employee-salesman, William Talley, represented to Mason that the tractor-truck was a 1978 Peterbilt glider kit on a 1977 White Freightliner running gear; that the running gear of the 1977 Feightliner had low mileage with little wear; and that it had a 400 Cummins diesel engine. Subsequently, the engine was found to be a 350 Cummins diesel, and the suspension system was discovered to be considerably worn.
Mason suffered an accident on August 8, 1978, when his truck overturned. Because of this mishap, Appellee's commercial vehicle was inoperative or "down" for repairs from August 9, 1978, through November 17, 1978, or approximately 15 weeks.
Mason contended that the accident resulted from the condition of the truck as misrepresented at the time of its sale.
I. Admission and Sufficiency of the Evidence.
Taylor contests the admission by the trial court of Mason's evidence from another truck driver as to his approximate gross profits during that period when Mason's truck was under repair.
In Wilson Co., Inc. v. Sims, 250 Ala. 414, 34 So.2d 689
(1948), it is stated:
 "The plaintiff sought to rest recovery for the loss of use of the truck on proof of loss of profits during the period it was laid up for repairs, but this is not permissible in this kind of a case. The weight of authority does not support such a theory nor have our own courts sanctioned it. The following text in American Jurisprudence, Vol. 5, p. 908, § 751, states what we conceive to be the pertinent rule: `While the loss of prospective profits may, in certain circumstances, be considered as an element of damages for injury to a commercial vehicle, the weight of authority is to the contrary. In no event, however, may one recover for loss of profits that are purely speculative or problematical.'"
Wilson Co., Inc. v. Sims, 250 Ala. 414, 415, 34 So.2d 689
(1948).
The "certain circumstances" mentioned in the quoted text refer to cases where an award of lost profits is sustained when no substitute motor vehicle can be obtained in the market while plaintiff's vehicle is being repaired. Wilson, supra; 42 C.J.Motor *Page 1048 Vehicles p. 1294, § 1171 (1927), and cases cited at nn. 52, 53, p. 1298, § 1179, n. 32.
Appellee concedes his failure to proffer any evidence in the trial Court concerning the unavailability of other commercial vehicles for rent or lease during his "down" time. Consequently, upon the authority of Wilson, Mason's claim for lost profits, as here postured, is without merit. The admission by the trial Judge of evidence going to another driver's lost profits was clearly error.
II. Appellee's Subrogation Agreement.
Taylor next asserts that the trial Court erred in allowing Mason to testify, over objection, as to his subrogation agreement with his property damage insurer, under which the insurer would be compensated for its payments out of any award granted. We agree.
Any fact, incapable of affording a presumption or reasonable inference of a material fact or inquiry, involved in triable issues between the parties, is inadmissible in evidence.Fincher v. State, 58 Ala. 215 (1877). See, also, ARCP 43 (a).
As a general rule, a defendant is precluded from introducing evidence that the plaintiff had insurance coverage or has been indemnified for the accident in question. Lengle v. NorthLebanon Township, 274 Pa. 51, 117 A. 403 (1922). See Gamble,McElroy's Alabama Evidence, § 189.04 (2), 3rd Ed. (1977). Cognizant of the general rule, we note that under our facts it was the Plaintiff's evidence of his subrogation agreement with his insurer which was admitted by the trial Court.
Our interpretation, whether it be applied to a plaintiff or defendant, is that, again, all evidence must have some tendency to shed light on the inquiry in issue. Ward v. State,52 Ala. App. 392, 293 So.2d 307 (1974). Any such effect by Plaintiff's evidence of his subrogation agreement on the issues of liability or damages totally escapes us. Consequently, we hold that it was improperly admitted.[1]
Thus, for the prejudicial errors noted and discussed above, this cause is due to be, and hereby is, reversed and remanded.
REVERSED AND REMANDED.
TORBERT, C.J., and MADDOX, SHORES and BEATTY, JJ., concur.
[1] We note that counsel for each of the parties ground their respective arguments on their opposing interpretations of the second paragraph of ARCP 17 (a), which deals with the "real party in interest" in subrogation cases. Any discussion of this point is pretermitted because the only ruling invoked, which is the predicate for the issue here presented, relates to the admission into evidence of Plaintiff's insurance subrogation agreement in the absence of the insurer as a party plaintiff. Neither party raised any issue relating to the inclusion of the insurer as the real party in interest.