FAULKNER, Justice.
This is an appeal by the Coffee County Commission from the trial court’s denial of its motion to alter, amend, or vacate, or in the alternative, for a new trial.
In May of 1980, Michael Smith purchased a Massey Ferguson combine from H & H Equipment Company in order to do custom combining for the general public. On October 24, 1982, Harvey Hall, an employee of Smith, was driving the combine as he returned from a combining job. Hall approached a wooden bridge in Coffee County on a dirt road known as the Moates *1195 Road, near U.S. Highway 84. After he had traveled approximately halfway across the bridge, the decking under the right front tire collapsed. Hall testified that he could not see the right front tire of the combine because the placement of the driver’s seat obscured his vision. However, he also testified that the tires fit properly on the runners, and he had passed over this bridge before with this combine. He also stated that he inspected the bridge after the collapse and found that some timber and the underside of the bridge were rotten in a large area. The county engineer testified that there were skid marks on the bridge runners which indicated that the combine had “slid or lurched” to the right when the bridge caved in.
The combine was removed from the bridge and taken to H & H Equipment Company for repairs, where it remained for two days, and it was later sent back again for approximately 24 days, since it was not sufficiently repaired the first time. The combine never performed properly after the repairs. Smith lost his combine jobs during the period of repairs and could not rent or use another combine to do the work. Smith testified that the fair market value of the combine before the accident was $45,000.00 and that after the accident it was $17,800.00, the amount for which it sold at public auction after it was repossessed by H & H Equipment.
The trial court found for Smith and assessed damages at $43,825.00, plus costs.
The Commission first contends that there was no evidence presented to show that it had actual notice of a defect, and, therefore, that it is not liable.
The liability of a county with respect to its bridges is essentially the same as that of cities in the maintenance of their streets. Hovater v. Franklin County, 217 Ala. 439, 116 So. 526 (1928). The applicable standard is one of ordinary and reasonable care.
“[Njotice to the [Commission] of the defect which caused the injury, or of facts tantamount to notice of such defects, or proof of circumstances from which it appears that the defects ought to have been known and remedied, is essential.” City of Anniston v. Oliver, 28 Ala.App. 390, at 392, 185 So. 187, at 189 (1938).
There was evidence that the bridge was inspected every two years and that it had received all needed repairs prior to the accident. However, the former Coffee County road superintendent testified that the bridge had rotten places in it that were visible to the naked eye and could have been seen by a visual inspection.
Whether the Commission had notice of the defect is a fact question. Since this testimony was presented ore tenus, the findings of fact made by the trial court will be sustained unless they are clearly wrong or without supporting evidence. Kelly v. Smith, 454 So.2d 1315 (Ala.1984). We find the evidence presented sufficient to support the trial court’s finding of notice and thus liability on the part of the Commission.
The Commission next contends that Hall was contributorily negligent by crossing the bridge with an obstructed view. This, also, is a question of fact, which was decided against the Commission. There was sufficient evidence from which the trial court could find that Hall was not con-tributorily negligent. Hall testified that he had traveled the bridge before, and that he aligned the tires with the runners and knew they were on the runners. There was also evidence of skid marks across the runners, where the tires would have skidded if they were on the runners.
The Commission also argues that it was substantially prejudiced by Smith’s amendment of the ad damnum clause from $29,500.00 to $45,000.00. They assert that Alabama Code 1975, § 11-47-192, requires Smith to file a sworn statement with the County stating the amount of damages claimed. This provision is applicable only to personal injury claims, not to claims for property damage. See Waterworks & Sewer Board v. Brown, 268 Ala. 96, 105 So.2d 71 (1958). In addition, Rule 15(b), *1196 A.R.Civ.P., allows amendments to be freely made in order to conform to the evidence.
The Commission’s final assertion is that the award of damages was excessive because an incorrect measure of damages was used.
“The basic rule for the measure of damages for injury to a motor vehicle is the difference in value before and after the injury. Hunt v. Ward, 262 Ala. 379, 79 So.2d 20 [ (1955) ]. The difference may be shown by proof of reasonable cost of restoring the machine to its original condition. Austin v. Tennessee Biscuit Company, 255 Ala. 573, 52 So.2d 190 [(1951)].” Fuller v. Martin, 41 Ala.App. 160, at 162-63, 125 So.2d 4, at 6 (Ct.App.1960). In addition, “[t]he owner of a commercial vehicle is entitled to recover for the reasonable value of the hire or use of the [vehicle] during the time reasonably necessary for repairs.” Fuller v. Martin, supra 41 Ala. App. at 163, 125 So.2d at 6, see also Wilson & Co. v. Sims, 250 Ala. 414, 34 So.2d 689 (1948).
The Commission argues that the correct measure of damages is the repair cost plus the value of the use during the period of repair. It cites Dean v. Johnston, 281 Ala. 602, 206 So.2d 610 (1968), wherein this Court stated that damages equal the amount that would compensate the plaintiff for necessary repairs in substantially restoring the vehicle to its former condition.
This measure of damages presumes that the vehicle can be substantially restored to its former condition. The undisputed testimony shows that the combine would not perform properly after the repairs were made. Under the facts of this case, the cost of repairs is not an adequate remedy, since the repairs did not substantially restore the combine to its former condition.
The trial court’s judgment of $43,825.00 appears to be the result of adding the difference between the before and after value of the combine with the valuation of the use of the machine during the period of repair.
Since the repair cost does not adequately reflect the damages suffered and the general rule of before and after value was used, we find no error in the amount of the judgment.
There appearing no grounds for reversal of the judgment, it must be affirmed.
AFFIRMED.
TORBERT, C.J., and ALMON, BEATTY and HOUSTON, JJ., concur.