RUSSELL, Judge.
Kemp’s Garage, Inc., and Poole Truck Lines, Inc., filed claims for property damage against each other after Poole hired Kemp’s to lift its loaded tanker trailer from a roadway, which resulted in the tanker trailer rolling off the roadway into a nearby ditch, pulling Kemp’s wrecker with it. The trial court found against Kemp’s on its claim and in favor of Poole in the amount of $9,000 on its claim. Kemp’s appeals, contending that the trial court erred in its application of the measure of damages. We affirm.
We note at the outset that when evidence is presented ore tenus, the trial court’s ruling based on that evidence is presumed correct and will be overturned only if clearly erroneous or manifestly unjust. Craig v. Perry, 565 So.2d 171 (Ala.1990).
A statement of proceedings pursuant to Rule 10(d), Alabama Rules of Appellate Procedure, was submitted by Kemp’s in lieu of a transcript, in which the trial court deleted certain portions and made certain additions. According to the statement, Poole’s vice president for maintenance testified that the reasonable market value of the tanker trailer was $16,000 before the accident and $4,500 after the accident, with a loss of $11,500. He also stated that $510 in repairs were performed on the tanker trailer to make it road-worthy, that the estimate for total repairs was $9,194.51, that $750 was paid to Kemp’s for wrecker service, and that there was an average loss of revenue of $4,600.
Kemp’s contends that the correct measure of damages is the actual cost of repairs to the tanker trailer, rather than the estimated cost of repairs, and that the market value of the use or hire of a vehicle during the time required to make repairs is recoverable, but that loss of revenue or profits is not recoverable.
“The rule in Alabama for the measure of damages for the injury to a commercial vehicle is the damages which would remunerate the plaintiff for necessary repairs in substantially restoring the vehicle to its former condition and the market value of its use or hire during the time required to make such repairs and fit it for business.”
Wilson & Co. v. Sims, 250 Ala. 414, 415, 34 So.2d 689, 690 (1948). See also Rowell v. Treadwell Ford, Inc., 511 F.2d 164 (5th Cir.1975); Dean v. Johnston, 281 Ala. 602, 206 So.2d 610 (1968).
Poole spent $510 in actual repairs, but presented evidence that total repairs would be over $9,000, which is sufficient to support the amount of damages granted by the trial court. According to the changes made by the trial court in the 10(d) statement, this evidence was presented without objection by Kemp’s. Although in its brief Kemp’s claims that the evidence presented with the work estimate constitutes nothing but “speculation, conjecture or probability,” we will not put the trial court in error where an objection is raised for the first time on appeal. Sea Calm Shipping Co., S.A. v. Cooks, 565 So.2d 212 (Ala.1990). Therefore, we find that there was evidence of “necessary repairs in substantially restoring the vehicle to its former condition.” Wilson, 250 Ala. at 415, 34 So.2d at 690. *146 Further, we hold that the trial court’s judgment was neither clearly erroneous nor manifestly unjust.
This case is due to be affirmed.
AFFIRMED.
ROBERTSON, P.J., and THIGPEN, J., concur.