Kathryn Rivers filed a claim for property damage against Etno, Inc. (Etno), contending that she leased her 1970 International dump truck to Etno, and that while in its possession, the truck was damaged. She sought damages for repairs and loss of use.
The record reveals that the original agreement, apparently oral, provided that Rivers's truck and driver would be used to haul tree bark from Etno's de-barking facility to Scott Paper Company's mill (Scott), and that Rivers would be compensated in the amount of seven dollars ($7.00) per ton for the use of her truck. Rivers's brother drove the truck until approximately March or April 1991, at which time Scott refused to accept further shipments of bark from Etno. The truck was thereafter parked on Etno's property.
Rivers testified that from April until June 1991, Etno used the truck to transport and stockpile the bark on Etno's property without permission. Other testimony established that in June 1991, the truck was damaged while being operated by one of Etno's employees. The truck was rendered inoperable. The record indicates that a dispute between Rivers and Etno ensued regarding the extent of the damage, and months later, when Rivers's husband went to Etno and attempted to take possession of the vehicle, Etno refused to release the truck. Rivers's husband testified that Etno would not release the vehicle until a settlement was made. Regardless of the reasons, Etno admits that it would not release the truck.
This suit was filed in January 1992, and there is testimony that sometime after that date, the truck was taken to a repair facility by Etno, for purposes of obtaining a repair estimate. Estimates of repairs dated April 10, 1992, and October 14, 1992, were admitted into evidence. From the record, it does not appear that the truck has been repaired.
Following ore tenus proceedings, the trial court entered judgment in favor of Rivers in the amount of $9600 and costs. Following the denial of its post-judgment motion, Etno appeals, contending that the trial court's judgment is excessive in view of the evidence of repairs necessary to restore the truck to useable condition; that the loss of use was based upon the time the vehicle remained in Etno's possession after the accident rather than the length of time reasonably necessary for the repairs; and that Rivers failed to mitigate her damage by having the truck repaired.
We note at the outset that when evidence is presented ore tenus, the trial court's ruling based on that evidence is presumed correct and will be overturned only if clearly erroneous or manifestly unjust. Kemp's Garage, Inc. v.Poole Truck Lines, Inc., 606 So.2d 144 (Ala.Civ.App.),cert. denied, 606 So.2d 146 (Ala. 1992). Moreover, where, as here, the trial court does not make specific factual findings, this court will assume that the trial court made findings that would support its judgment. Leatherwood v.Creighton, 571 So.2d 1136 (Ala.Civ.App. 1990).
Etno presented evidence that the cost of repair was approximately $1200 to $1600, provided that the welds and plating did not break during the straightening process. Should that happen, then the cost would "increase significantly, depending on the time and materials required." Rivers presented evidence that the cost of repair would be between approximately $2500 and $3000, provided the cylinders were not damaged. If the cylinders were damaged, then the cost of repair would be increased by approximately $500. *Page 5 
Regarding the loss of use of the vehicle, the evidence greatly conflicted. Rivers testified, over objection, that the rental value of a truck of this size would be approximately $4600 per month. Etno introduced checks reflecting that the most it had paid Rivers was approximately $1200 per month. Rivers contended that there were more checks, and that some weekly checks were for $600 to $800.
The measure of damages for an injury to a commercial vehicle is the amount of money which would remunerate the plaintiff for necessary repairs in substantially restoring the vehicle to its former condition, and the reasonable value of its use or hire during the time required to make such repairs and fit it for business. Dean v. Johnston, 281 Ala. 602,206 So.2d 610 (1968). See also Kemp's Garage, supra. Etno argues that the loss of use should be limited to "the time required to make such repairs and fit it for business" and not the ten or eleven months during which the vehicle was parked on its premises. Additionally, Etno argues that Rivers failed to mitigate her damage, and thus should not be allowed to recover for loss of use for the entire time the vehicle was in its possession. Etno argues that " 'It is the undoubted general rule that it is the duty of the owner of property, which is injured by the negligence of another, to use reasonable means to minimize the damages. . . . ' " Fuller v. Martin,41 Ala. App. 160, 165, 125 So.2d 4, 8 (1960). (Citation omitted.) Fuller, however, holds that the owner of a vehicle is not required to have it repaired in order to entitle him to claim compensation for the loss of its use during the time reasonably necessary for repairs. Furthermore, the repair costs may not always adequately reflect the damages suffered. See Coffee County Commission v. Smith, 480 So.2d 1194
(Ala. 1985).
In view of the lack of any evidence reflecting what would be a reasonable time for making such repairs, we cannot say that the trial court erred. Where the evidence is conflicting, the trial court is free to choose which evidence is believable and resolve the conflicts. Seifert v. Houlditch,583 So.2d 274 (Ala.Civ.App. 1991). When a case is tried ore tenus, as here, and the trial court has the advantage of hearing the witnesses and observing their demeanor, Alabama law clearly accords the trial court's judgment the same weight as a jury verdict, and the trial court's judgment will not be disturbed on appeal unless plainly and palpably wrong. Porter v.Porter, 441 So.2d 921 (Ala.Civ.App. 1983). This court will not reweigh the evidence, but will instead indulge all favorable presumptions to sustain the trial court, and will reverse only on a showing that the trial court's findings are plainly erroneous or manifestly unjust. Seifert,supra.
When viewed with the foregoing presumptions due a judgment made after an ore tenus proceeding, we find no error in the judgment of the trial court.
AFFIRMED.
ROBERTSON, P.J., and YATES, J., concur.