MONROE, Judge.
In August 1992, Debra Rhodes Simmons made an offer on about 15 acres of property owned by Woerner Brothers Partnership, a real estate business. At Simmons’ request, the offer was subject to a survey. After Simmons had purchased the property, Thomas Feely, the man who had sold the property to Woerner Brothers, told her that a fence on what she thought was her property was the boundary line between her property and the property of her neighbor, Joseph Legenstein. Using the fence line as the property line reduces Simmons’s property by 40 feet.
Simmons filed a complaint against Woer-ner Brothers, alleging that it had fraudulently misrepresented the size of her property and had violated the federal Truth-In-Lending Act, 15 U.S.C. § 1601 et seq. After an ore tenus hearing on the matter, the trial court entered a judgment in favor of Woer-ner Brothers. Simmons appealed to the Alabama Supreme Court, which deflected the appeal to this court pursuant to § 12-2-7(6), Ala.Code 1975.
Simmons contends that the trial court’s judgment is against the great weight of the evidence. In her brief to this court, her argument as to this issue addresses only the count alleging fraud.
The judgment in this case reads as follows:
“The court, having heard the testimony in this case, and having considered the evidence and the arguments of counsel, hereby [enters] judgment for the defendant. Costs are taxed to the plaintiff.”
When the trial court does not make specific findings of fact, this court will assume that the trial court made those findings necessary to support its judgment, unless such findings would be clearly erroneous. Etno, Inc. v. Rivers, 644 So.2d 3 (Ala.Civ.App.1994). Furthermore, the trial court heard ore tenus testimony in this case.
“The standard of review applicable to judgments based on ore tenus evidence is well established. ‘Where a trial court has heard ore tenus testimony, as in this case, its judgment based on that evidence is presumed correct and will be, reversed only if, after consideration of the evidence and all reasonable inferences to be drawn therefrom, the judgment is found to be plainly and palpably wrong.’ McInnis v. Lay, 533 So.2d 581, 582 (Ala.1988).... Furthermore, ‘[t]his Court ... will affirm the trial judge’s decision if, under any reasonable aspect, it is supported by any credible evidence.’ Chism v. Hicks, 423 So.2d 143, 144 (Ala.1982) ... (emphasis added). Finally, ‘this court cannot overturn [the] finding[s] of fact by the lower court unless the decision is unsupported by the evidence ... and is plainly and palpably erroneous.’ ”
Humphries v. Whiteley, 565 So.2d 96, 101-02 (Ala.1990); Meadows v. First National Bank of Ashford, 568 So.2d 303, 304 (Ala.1990).
To maintain her action for fraud, Simmons must show that Woerner Brothers made a false representation of a material fact, that she justifiably relied upon that false representation, and that she was damaged as a proximate result. McCullough v. McAnalley, 590 So.2d 229, 234 (Ala.1991). The Supreme Court set out the standard by which justifiable reliance is evaluated in Hickox v. Stover, 551 So.2d 259, 263 (Ala.1989): “[A] plaintiff ... has not justifiably relied on the defendant’s representation if that representation is ‘one so patently and obviously false that he must have closed his eyes to avoid the discovery of the truth.’ ” (Quoting *590 Southern States Ford, Inc. v. Proctor, 541 So.2d 1081, 1091-92 (Ala.1989) (Hornsby, C.J., concurring specially).)
“The standard of justifiable reliance requires that the party making the representation refrain from dishonest, untrue, and recklessly inaccurate statements and that the party receiving the representation be alert to statements that are patently false.” McCullough v. McAnalley, 590 So.2d at 234.
The evidence in this case shows that Simmons personally viewed the property and that she saw the fence. She would not close on the property until a survey of the property was completed. Simmons had the survey, which showed the fence, in front of her at the contract closing. Further, the record shows that the question of who—Simmons or Le-genstein—actually owns the property from the fence to the boundary line as it is described in the metes and bounds description has never been adjudicated. The general rule is that “ownership and possession of land are each facts to be proved by evidence as other facts are proved and neither can be proved by general notoriety nor by reputation.” M.C. Dixon Lumber Co. v. Mathison, 289 Ala. 229, 238, 266 So.2d 841, 849 (1972).
Viewing the evidence with the presumptions applicable when a trial court has heard ore tenus testimony, we cannot say that the trial court’s judgment in favor of Woerner Brothers Partnership was plainly and palpably wrong, or that it was against the great weight of the evidence.
Simmons also argues that Woerner Brothers violated the Truth-in-Lending Act and, therefore, that she is entitled to an attorney fee, costs and interest. Specifically, she claims that Woerner Brothers did not provide her with certain documentation she says is required under the Truth-in-Lending Act; that fact, she says, entitles her to an attorney fee.
In her brief to this court Simmons does not argue that she is entitled to any damages under the statute, aside from an attorney fee, nor does she say she wants to rescind the real estate transaction. As discussed above, Simmons does not argue that the trial court’s judgment was against the great weight of the evidence as to the Truth-in-Lending count. Although, as to this issue, Simmons argues that Woerner Brothers violated the Truth-in-Lending Act and that she is entitled to an attorney fee, she apparently appeals only from the trial court’s implicit denial of her attorney fee under the Act and not from the trial court’s denial of any other relief to which she may have been entitled under the Act.
In her complaint and in her amended complaint, Simmons alleged that Woerner Brothers violated the Truth-in-Lending Act because documents provided to her for this transaction failed to properly disclose the finance charge for the credit arranged and extended by Woerner Brothers. As a result of that omission, she alleged, she could not discern what percentage of her monthly payments was principal and what percentage was the finance charge. However, the record shows that at trial Simmons testified that she received an amortization schedule of payments and that the amortization schedule showed the amount of the total finance charge. She also testified that she did not dispute the amount of the total finance charge.
The evidence in this case was presented to the trial court ore tenus. The evidence supports the trial court’s judgment finding that Woerner Brothers did not violate the Truth-in-Lending Act, and we cannot say the trial court’s judgment was plainly and palpably wrong. Etno, Inc. v. Rivers, 644 So.2d 3 (Ala.Civ.App.1994). Under the Act, a creditor is liable to the debtor for an attorney fee only if the debtor is successful in his or her action. 15 U.S.C. § 1640(a)(3). Because Simmons was not successful, she is not entitled to an attorney fee.
For the foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED.
ROBERTSON, P.J., and THIGPEN, YATES, and CRAWLEY, JJ., concur.