288 So.2d 733

**J. R. BRILEY, Sr.**

v.

**Julia BRILEY.**

**Civ. 127.**

Court of Civil Appeals of Alabama.

Jan. 9, 1974.

Frank Bainbridge and Albert Boutwell, Birmingham, for appellant.

William B. McCollough, Jr., Manuel Levine, R. Clifford Fulford, Birmingham, for appellee.

WRIGHT, Presiding Judge.

The Court withdraws its original opinion of December 5, 1973, and substitutes this opinion in lieu thereof.

Appellant filed suit for divorce and dissolution of a partnership against his wife and business partner, Julia Briley, in the Circuit Court of Jefferson County, In Equity. Appellee by cross-complaint sought the same relief. By decree dated September 29, 1972, the business partnership was dissolved and a divorce on the ground of incompatability was granted cross-complainant. Complainant and cross-respondent brings this appeal.

Appellant has made 65 assignments of error, and has singly or in bulk presented all assignments in 95 pages of argument in his brief. The brief in its entirety, including narrative recital of each witnesses' testimony is 420 pages in length. The transcript of the record and evidence is 755 pages in length. The brief of appellee is 49 pages in length. Appellant's reply brief is 37 pages in length. The case was argued orally before the court.

The evidence tends to show the following: Mr. and Mrs. Briley were married in 1937 and lived together until January 28, 1972. One son, now an adult, was born of the marriage. Their combined financial assets at the time of their marriage was $36.50. They possessed other and more formidable assets however. They were blessed with good health, a willingness to work hard and a desire to succeed. By an unspoken agreement they worked side by side with a common accord for thirty-five years. They came to Birmingham and began a business of buying, selling, trading and repairing sewing machines. The business in Birmingham succeeded and they opened similar businesses in Memphis and

New Orleans. All of their businesses and resultant earnings were joint. Mr. Briley tended to handle the outside selling, trading and collecting. Mrs. Briley handled the internal operations of the business and the home. It appears that neither had a drawing account from the business as individuals but used funds from the business as needed and desired. There apparently was never any argument or differences about their finances. Everything they accumulated in assets was held jointly, including bank accounts, real estate and investments. Tax returns were filed jointly.

Through this method of joint effort and apparently total unselfish cooperation they accumulated assets of approximately $1,000,000 by the end of 1971. At that time they were still operating a business in Birmingham, Alabama and Memphis, Tennessee. They had, over the years, taken trips to Europe and the Orient. They had a home valued at some $85,000. They had gilt edged stocks of the value of over $550,000. There were objets d'art in the home insured for $87,000. They held joint title to a farm in Georgia, purchased from Mrs. Briley's father, valued at around $85,000. They each had Cadillac automobiles and joint and business bank accounts. Their business had an equity value of approximately $50,000. They had a son and grandchildren, with the son employed in the business. After 35 years and such monumental financial accomplishments, they found their personal relationship in bankruptcy. According to their petitions and testimony they became incompatible. It appears from the evidence that in their drive for financial security as business partners they lost interest in their marital partnership. Mr. Briley developed diabetes and cataracts. Each began to go places and take trips alone without even telling the other. Mrs. Briley perhaps drank too much and belittled Mr. Briley in front of their employees by telling him he was not needed in the business. They were no longer concerned with one another as a husband or wife. Mrs. Briley seemed centered around the business, her antique bric-a-brac and her child and grandchildren. Mr. Briley, perhaps unwell, and feeling rejected and unneeded in the business and by his wife, took trips alone without informing Mrs. Briley. He struck out against her by going to Memphis and taking charge of the business there, declaring the partnership at an end.

With such evidence of incompatability, the trial court was not in error in granting a divorce, though appellant contends error in the granting of a divorce to appellee upon her cross-complaint.

This Court has stated that proof of the existence of the condition of incompatability between the parties without regard to fault is the only requirement in granting a divorce on such ground. Phillips v. Phillips, 49 Ala.App. 515, 274 So.2d 71. We see no injury in stating in the decree that the divorce sought by each is granted upon the petition of a particular petitioner. If there is no injury, error if any, does not require reversal. Supreme Court Rule 45.

A definitive decision upon each of the 65 assignments of error would serve no useful purpose and could only result in an opinion of length comparable to the brief of appellant. In totality, the primary complaint of appellant is that the division of the assets of the partnership and the jointly held real and personal property is inequitable and contrary to law and the evidence. Without reference to specific assignments of error, we shall render our decision upon these issues.

By its decree, the trial court declared the partnership known as The Sewing Machine Exchange dissolved. It was further decreed that the partnership property be equitably divided with such equitable division of the partners' interest to be in brief form as follows:

A. Respondent was awarded all the right, title and interest in assets of the

Birmingham branch, including accounts receivable, leases, inventory, good will, partnership's bank accounts maintained by that branch, and all real, personal and mixed property, including vehicles and automobiles located in Birmingham.

B. Complainant was awarded all right, title and interest in similar assets of the Memphis branch.

C. All debts and liabilities, except or otherwise provided, of each branch be assumed by the party to whom awarded.

D. The court found that the partnership owed approximately $50,000 to Central Bank and Trust Company, approximately $20,000 to City National Bank, and approximately $6,000 to Exchange Security Bank, all of Birmingham.

It was directed by the court that the above sums be paid by the sale of 3,964 shares of stock of First Alabama Bank Shares, Inc., owned jointly by the parties. This stock had previously been assigned by the parties to secure the $50,000 indebtedness at The Central Bank and Trust Company. The stock was valued at over $129,000.

It was further decreed that from the sale of this stock court costs up to $4,000 and attorney fees of $8,000 awarded to the attorneys of each party for services in the dissolution aspect of the case be paid. In the event the sale of this stock did not produce enough funds to pay all of the above, additional shares of stock in First Alabama Bank Shares, Inc., owned jointly by the parties would be sold to make up any deficiency. The court then decreed that if the parties by written agreement elected to use means other than sale of the stock to satisfy the three notes mentioned above, they could do so and the stock would be divided equally between them. If the stock was sold and there was more than enough to take care of all the sums directed paid by the court, the remainder would be divided equally. All of this portion of the decree

was ordered consummated within four months from the date of the decree.

As an additional part of the dissolution portion of the decree, respondent was ordered to pay to complainant-appellant the sum of $10,000 at the rate of $2,000 a year beginning in 1973 at 6% interest.

The portion of the decree entitled "Final Decree of Divorce on Cross-bill" provided in substance the following:

Complainant was denied the relief sought. The relief sought by respondent was granted and Julia Briley was divorced from J. R. Briley, Sr. The remaining shares of stock in various corporations, and of the approximate value of $437,689, was divided equally (with insignificant exception) between the parties. The parties were directed to effect such division forthwith.

The jointly owned residence, adjoining vacant lot and another vacant lot in Avondale were directed sold and the proceeds divided equally. If not sold within four months from the decree, the register was directed to sell at public sale. Respondent was directed to vacate the residence within four months and pay the cost of maintenance while she remained. The approximate value of this real estate, according to the evidence is $89,500. A jointly owned cemetery lot was directed sold and the proceeds divided. If either party wished to buy or sell the other's half interest in this lot, the court set its value at $3,585. A joint bank account in an unknown amount was ordered divided equally.

Respondent was awarded all furniture, household equipment and antiques located in the residence. The total value of these items was shown to be approximately $89,500. Respondent was further awarded all title and interest in the farm property in Georgia, which title was jointly held by the parties. The approximate value of that property was $85,000.

Appellant was directed to pay to appellee the sum of $12,000 for her attorneys for their services in the divorce aspect of the case. All costs not previously provided for were taxed against complainant-appellant.

We have carefully sifted the evidence, including the testimony of the court appointed auditor and appraisor and the testimony of the parties and their witnesses. We have not heretofore been confronted with the dissolution of a business partnership and a marital partnership in the same action. We have not been cited to any precedent for such an action. We can understand the difficulty presented to the trial judge in attempting to reach an equitable decision. The parties chose the manner of presenting the controversy and the court had no alternative but to consider it on the theory presented. This Court must view it on the same theory. M. C. Dixon Lumber Co. Inc. v. Mathison, 288 Ala. 93, 266 So.2d 340.

Since one of the aspects of both bills of complaint and the decree of the court was a dissolution, accounting and distribution of the partnership, such accounting and distribution must follow the principles of law applicable to a partnership. Title 43, Chapter 1A, Code of Alabama as Recompiled 1958 and amended. It is only after such aspect of the bill is properly disposed of that the marital aspect of the bill should be considered.

■ There are some jurisdictions which do not recognize a partnership relation between husband and wife. Such business relationship between spouses was prohibited at common law. 41 Am.Jur.2d, § 250, Husband and Wife. It is only through specific Married Women's Acts that such relationship is allowed. 41 Am.Jur.2d, Section 251, Husband and Wife. Alabama is one of the states whose Married Women's Act is sufficient and has been determined to allow a business partnership between spouses. Marcrum v. Smith, 206 Ala. 466, 91 So. 259. Title 34, § 74, Code of Alabama 1940.

By its decree the court ordered the partnership dissolved. It did not specify a date of dissolution. There is a distinction between dissolution and termination. Title 43, § 5, (29)(30)(31).

■ There was testimony that on January 28, 1972, appellant took control of the Memphis Branch office and terminated its accounting to or relationship with the Birmingham office. There was further testimony that Mrs. Briley was notified of this act and appellant ceased participation in the management of the Birmingham office. There was further testimony that subsequent to January 28, 1972, Mrs. Briley borrowed some $26,000 from two banks in Birmingham. If there was a dissolution in fact, prior to the borrowing of such money, a question of authority of Mrs. Briley to act for the partnership arises under Title 43 § 5(33), 5(34), and 5(35). It is to be noted here that the decree of the court directed payment of the money borrowed by Mrs. Briley as if it were a partnership obligation, though it is to be further noted that such obligation and others were directed to be paid, not from partnership assets but from alleged personal assets jointly owned by the partners as individuals. This action by the court, if the stock was personal property rather than partnership property, was erroneous. "Each partner has the right to have the partnership debts paid with partnership effects, so as to relieve his individual property of the burden; and each partner has a clear right to his share of any surplus that may be left after paying the partnership debts. All men will assent to the soundness and justice of the principles stated above." Goldsmith v. Eichold Bros. & Weiss, 94 Ala. 116, 10 So. 80; Bateh v. Brown, 289 Ala. 699, 271 So. 2d 833. The fact that such alleged personal property had been pledged as security for $50,000 borrowed from the Central Bank & Trust Company does not allow it to be used by the court in such manner. It was not even pledged to secure the $26,000 borrowed by Mrs. Briley subsequent to January 28, 1972. Neither was it subject

to arbitrary use as funds from which to secure court costs and attorney fees in the dissolution aspect.

■ We see little need to point out the many ways in which the decree below was erroneous in the dissolution aspect when considered in light of the statutes relating to partnership set out in Title 43, Chapter 1A of the Code. The decree must be reversed and remanded for evident errors. Without attempting to dictate to either court or counsel a course of action upon remandment we make some pertinent (we think) observations.

A. There should be a date of dissolution of the partnership by action of the partners, at the date of decree or at a time determined by the court.

B. There must be a determination of the assets of indebtedness of the partnership—a marshalling of the assets or accounting. All firm debts must be paid before a partner is entitled to any part of the assets. Carter v. Carter, 247 Ala. 409, 24 So.2d 759.

C. There should be a determination of partnership property under the evidence considering the provisions of Title 43, § 5(8).

D. There should be a distribution of assets and liabilities and a determination of contribution if required under Title 43, § 5(40).

■ E. The court cannot by its decree of division relieve the partners from liabilities to creditors of the partnership nor may it relieve from liability under leases made by the partnership, nor from responsibility for accounts sold with recourse prior to dissolution.

■ F. The court may not subject individually owned property or funds to payment of partnership liabilities so long as there are partnership assets, nor may it confiscate individually owned property to pay attorney fees and cost of court for dissolution so long as there are partnership assets. It is questionable, to say the least, that specific individually owned property may be directed sold and the funds used to pay partnership debts, fees and costs.

■ G. Partnership debts may not be directed to be assumed by one partner. Such direction does not relieve the other partner if the one directed to assume does not pay. Creditors may not be prevented from looking to either or both partners for the full amount of their debt if the partnership cannot pay. Bateh v. Brown, supra. The wife, as an individual, is not surety for the debts of the husband. Title 34, § 65, Code of Alabama.

The above are merely some apparent deficiencies of the decree relating to the partnership. There may be others which will have to be considered on remandment.

■ We do not intend to indicate that there cannot be an equitable division of assets of the partnership in kind if rights of creditors do not intervene, and such division is based upon a fair and proper accounting. Creditors may agree to such a division and release the respective partner from liability. After payments of debts, the partners may agree to a division of assets, Bateh v. Brown, 289 Ala. 699, 271 So.2d 833.

It would appear that it would be to the best interest of the parties in this case to seek an agreement of division. Both appear to desire to remain active in business. Their son is involved in their business and appears somewhat dependent upon the continuation of the Birmingham branch. There are accounts receivable in each branch that were payable over a long period of time. Right of recourse of the accounts in Memphis will not expire for a lengthy period of time. It clearly appears that a sale of the business for termination

and settlement is unlikely to benefit either party. To continue to litigate in court for settlement purposes can only adversely affect the parties and their son financially and widen the personal breach. It is not reasonable to dissipate the accumulation of a lifetime when there appears to be a clear and fair basis for division and settlement, both of the business and marital partnership. It is the hope of this Court, and certainly of the trial court that such will be accomplished.

That portion of the divorce decree relating to the division of jointly owned property must also be reversed and set aside until the dissolution of the partnership is properly determined. Until it is determined by the court what property belongs to the partnership and what is individually owned there can be no property settlement between the husband and wife.

We therefore reverse and remand all of the decree except Paragraphs 5, 6 and 7, by which a divorce was granted to appellee from appellant. We reiterate our conclusion that in the absence of precedent, the partnership must be dissolved and terminated as would any partnership. There can be no equitable division of the partnership based upon principles of marital distribution and property settlement. It is only after dissolution, termination and distribution of partnership assets that a marital property settlement can logically be effected.

We wish to reemphasize that the posture of this case as it came to this Court was established by the pleadings and testimony below. It should not be considered as authority for the proposition that out of the common efforts of a husband and wife in business and income production a partnership may necessarily arise.

Affirmed in part, reversed in part and remanded.

BRADLEY and HOLMES, JJ., concur.