This is an appeal and a cross-appeal by two business partners from a final decree *Page 1025 
rendered in a case brought by one of the partners seeking an accounting and dissolution of the partnership. The court ordered an accounting, but refused to dissolve the partnership. The court made the following findings of fact:
 Plaintiff and Defendant, brothers-in-law (up to the time of a divorce between Plaintiff and his wife, the sister of Defendant) entered into an oral partnership agreement on or about September 2, 1977 under the business name of "Dino's Hot Dogs" at a location on Montgomery Highway in Jefferson County, Alabama, which said location is highly advantageous and valuable to this going business. The lease to the premises was procured, largely, through the efforts of Plaintiff. Plaintiff has been, for a number of years, the owner of other establishments of like nature and has developed an expertise in the conducting of this type of business enterprise. Also Plaintiff has furnished to the partnership a logo which is utilized by the partnership. The Plaintiff is senior, by number of years, to Defendant. The partnership was created at a time when a happy family relationship existed between the members of the separate families of Plaintiff and Defendant and this condition existed until a time when marital difficulties began between Plaintiff and his wife, the sister of Defendant. When these difficulties began to develop a rift was created between Plaintiff and Defendant. At about the time of the divorce proceedings, the Defendant [in January, 1979] ceased to remit any sums to Plaintiff as his share of the profits of the partnership, changed the locks on the doors to the establishment and has failed or refused to furnish Plaintiff with an accounting of the partnership business. It is clear to the Court from the evidence that the Defendant devoted nearly all of his time to the operation of the business and that the Plaintiff devoted relatively little time thereto. At a time when the partnership was first instituted and the parties and their families were happy with one another, a loose arrangement was made between Plaintiff and Defendant relative to the work hours which each of them would devote to the business and there has never been (according to the evidence) any fixed arrangement, either orally or in writing, as to how many hours and on what days each partner should work at the business location. . . .
 The business, continually and up to the present time, is operating six days a week under the management of Defendant and is operating profitably. . . .
 Because of the unhappy and hostile attitude that exists between Plaintiff and Defendant, and their respective families, it is evident that these two men cannot engage in a business undertaking in a manner which would occasion the contacts that normally exist between partners in an active business. . . .
 The partnership business premises are leased, under a joint written lease, for an extended period of time, with a right and option to renew. Both parties are, of course, subject to the benefits and the liabilities of that lease and this situation will continue during the life of the lease, which, very probably, is the most valuable asset of the partnership and is not transferrable without the written consent of the lessor.
On November 19, 1979, Jebeles filed his complaint seeking a dissolution of the partnership and a full and complete accounting by Costellos for all profits received since December 3, 1978. Costellos counterclaimed that there was no partnership agreement, but that, if there was one, Jebeles breached it.
The court did not dissolve the partnership. Instead, in order to retain the business's future profits and the valuable lease, the court continued the partnership "with Defendant as the sole active partner and the Plaintiff as a silent partner." The court deemed it "just and fair that in this partnership the work hours of the respective parties should be entirely, or very nearly, identical," but found that under the circumstances
 such an arrangement is not feasible, nor is it to the best interest of either party. *Page 1026 
The Plaintiff is entitled to a continuing share in the partnership profits, but only to the extent set forth hereinafter. These benefits accrue to him by virtue of the contributions made by him to the partnership as stated hereinbefore. . . . However, it is the business of this Court, in the exercise of the powers and duties of a Chancellor in Equity, to settle the issues between the parties in a manner which would be most beneficial to the parties and would most fairly deal with the past and future profits of the partnership business. . . . [The parties'] respective interests are equal, that is, fifty-fifty (50-50).
Thus, the court ordered:
 ONE: The partnership shall continue and is not dissolved and, from the date of this decree forward, the partners shall share in the net profits, after payment of all expenses, as follows: Twenty percent (20%) to the Plaintiff (without salary) and eighty percent (80%) to the Defendant (without salary).
 TWO: All of the assets of the partnership, whether real, personal or mixed in nature, including the goodwill of the partnership shall be the property of the parties in the manner following: One-half (1/2) thereof to Plaintiff and one-half (1/2) thereof to Defendant; and nothing which is contained in the other portions of this order shall derogate from these interests.
 THREE: There is a necessity that an accounting be had between the partners and the cause is referred to . . . [a] Special Master to conduct an accounting between the parties on the basis of a fifty-fifty (50-50) partnership arrangement up to the date of this decree. From the date of this decree the arrangement as set forth in paragraph ONE, above, shall obtain and continue for the life of a contract of partnership. From the date of this decree, under the new distributive arrangement, the Defendant shall render to Plaintiff a monthly statement of profits and losses along with payment to Plaintiff of any distributive share which may be due to him.
 FOUR: The aforementioned Special Master shall render his report to the Court, upon completion, and no transcript of the proceedings before the Special Master shall be made by the Special Master unless requested, in writing, by either party. The costs of the services of the Special Master shall be taxed as a part of the costs of court in this cause. . . .
 FIVE: The costs which have accrued to date and which shall accrue hereafter are taxed as follows: One-half (1/2) to Plaintiff and one-half (1/2) to Defendant.
Both parties appealed from the court's decree. We hold that the court erred by refusing to dissolve the partnership and order a termination and accounting. We reverse the decree and remand the cause for proceedings consistent with this decision.
The court here has exceeded its discretion by fashioning a remedy which is at odds with the Alabama law of partnerships, as codified in Ala. Code 1975, § 10-8-1 et seq., and the express will of the parties. An equity court cannot ignore established law in shaping its remedy, 27 Am.Jur.2d Equity § 123 (1966).
As no definite term was specified in the oral partnership agreement, the partnership may be dissolved at the will of either party. Ala. Code 1975, § 10-8-91b (1)b:
Dissolution is caused:
(1) . . .
. . . . .
 b. By the express will of any partner when no definite term or particular undertaking is specified. . . .
On application by either party, the court is required to order a dissolution under the provisions of § 10-8-92. Several of the grounds set out in that section are applicable to this situation in view of the court's findings.
A partner's right to an accounting of his interest accrues at the date of dissolution, Ala. Code 1975, § 10-8-98. There can be no partnership settlement or accounting until there is a dissolution. See Hunter v. *Page 1027 Parkman, 259 Ala. 596, 67 So.2d 797 (1953); Tanner v. Easter,290 Ala. 208, 275 So.2d 640 (1973). The court erred to reversal in ordering an accounting without dissolving the partnership and in establishing and imposing a new partnership agreement on the parties.
On remand the court should follow the procedure for dissolution of the partnership as set out in § 10-8-97.
REVERSED AND REMANDED.
TORBERT, C.J., and MADDOX, JONES and BEATTY, JJ., concur.