This is the second appeal in this action. On the first appeal, this Court remanded the case with instructions to the trial court to fashion a remedy as required by law. Jebeles vCostellos, 391 So.2d 1024 (Ala. 1980). We are now asked to state whether our judgment remanding the case upon the first appeal constituted an annulment of the trial court's findings of fact as well as a reversal of its application of law, or whether that judgment reversed the trial court's application of law, leaving intact the trial judge's findings of fact. Stated more precisely, the issue is whether this case, upon remand, should be tried again or should the trial judge use the findings of fact he made during the original trial and fashion only a new remedy according to those facts
On the first appeal, Jebeles v. Costellos, 391 So.2d 1024
(Ala. 1980), this Court held that the trial court had exceeded its discretion by fashioning a remedy which was inconsistent with the law of this state, as codified in Alabama Code 1975, §10-8-1 et seq.; this Court reversed and remanded the case to the trial court with instructions to follow the procedure for dissolution as set out in § 10-8-97
After remand, Costellos filed an amended counterclaim setting out claims which were not asserted in the original action Jebeles filed a motion to strike those claims and the trial court struck the additional claims and refused to hear additional evidence on the matter. Also, the trial court issued a "Decree in Remandment from the Supreme Court" which dissolved the partnership, directed an accounting, and ordered a marshalling and sale of the assets. This decree *Page 394 
was based solely on the findings of fact from the original hearing
Costellos asserts that the trial court committed error by not letting him amend his counterclaim or submit evidence in support of those claims. We disagree with him and hereby affirm the trial court's decree. There was a full and complete trial on the merits when this case was originally tried, and this Court relied on the findings of fact from that trial in its decision to reverse and remand the case to the trial court. Had this Court determined in the first appeal that the trial court's findings of fact were contrary to the evidence offered at trial or that the findings of fact were insufficient to support a proper remedy, then a trial de novo would now be necessary. This, however, is not the case. Furthermore, no new parties were brought into this action; no new issues were presented in this case by our remand, which included instructions to the trial court to fashion a remedy as mandated by Code 1975, § 10-8-97. As stated in that opinion, § 10-8-97 "was applicable to this situation in view of the court's findings." Jebeles v. Costellos, supra, at p. 1026. It is not now necessary for the trial court to re-try the facts but only to apply § 10-8-97 to its previous findings
AFFIRMED
TORBERT, C.J., and JONES, SHORES and BEATTY, JJ., concur