EMBRY, Justice.
This appeal is from a judgment that reads as follows in that part pertinent to a decision in this case:
“Upon consideration of the above, the court finds that the partnership herein, known as Dutton Trucking Company, should be dissolved upon application of Janet Dutton Gary, based on § 10-8-94(4)(5) and (6), Code of Alabama; it is therefore adjudged that the above said partnership be and is hereby dissolved as of May 1, 1982, and the members of the partnership are hereby directed to wind up the business affairs of said partnership.”
Janet Dutton Gary, Charles Dutton, and Janet’s former husband Nelson Gary had each intervened in a divorce action involving her parents Bobbie Tidmore Dutton and Miles Carl Dutton. Intervenors established that each was a partner in a business known as Dutton Trucking Company. As a result, part of the judgment in the divorce action declared that Miles Carl and Charles Dutton were each vested with a one-third interest, and Janet Dutton Gary and Nelson Gary were vested with an undivided one-third interest in the partnership.
Subsequently, Janet filed an action seeking dissolution, injunctive relief, an accounting, distribution of assets, money damages and other appropriate relief. The case was set for hearing, as per order of the trial court, to determine whether an order of dissolution should issue “and such other matters as may be appropriate if such order should issue.” (Emphasis added.) After that hearing and adducement of testimony and other evidence, the judgment was entered containing the order first noted in this opinion. We reverse.
Appellants state the following issues for review:
“1. The question of collateral estoppel arising from judgment in circuit court case as follows:
“(a) Whether a fact stated in said judgment gives rise to collateral estoppel when the case has been appealed and is pending on appeal....
“(b) Whether the evidence was sufficient to give rise to collateral estop-pel....
“2. Whether the evidence was sufficient to authorize a dissolution of the partnership by order of the court....
“3. Whether the judgment declaring a dissolution was proper and adequate ....”.
Because the case must be remanded upon the basis of issue number three and the evidence more fully developed upon retrial, we need not address issues numbered one *1247 and two. There would be little purpose served by the court’s pointing to the deficiencies and inadequacies of both the evidence and judgment in this case to be the bases of fashioning a remedy consistent with the Alabama law relating to partnerships found in § 10-8-1, et seq., Code 1975. See Jebeles v. Costellos, 391 So.2d 1024 (Ala.1980), and Costellos v. Jebeles, 406 So.2d 393 (Ala.1981). Also, note especially § 10-8-97, Code 1975. Declaring the partnership dissolved as of May 1, 1982 and directing the partners, who are obviously in antagonistic positions, to wind up the business affairs of the partnership most certainly falls far short of what the applicable statutes contemplate when a court ordered dissolution occurs.
As pointed out by appellants, a judgment dissolving a partnership should contain: A date of dissolution; a determination of the assets and indebtedness of the partnership; a marshaling of the assets or accounting; a determination of partnership property; and, a distribution of the assets and liabilities and a determination of contri-, bution. See Briley v. Briley, 51 Ala.App. 671, 288 So.2d 733 (1974).
For the stated reasons, the judgment below is reversed and this cause remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
FAULKNER, ALMON and ADAMS, JJ., concur.
TORBERT, C.J., concurs in result.