RUSSELL, Judge.
This case involves the involuntary commitment of a minor.
Following the filing of a petition for the commitment of D.L. (appellant) by the Mobile County Department of Human Resources (Department), the juvenile court conducted a probable cause hearing. Subsequently, the juvenile court, finding such cause to exist, ordered that, pending a final hearing, the appellant remain at the Southeast Adolescent Program, a residential care facility where he had earlier been placed by the Department. On July 6, 1989, following an ore tenus proceeding, the juvenile court issued its final order, committing the appellant to the custody of the Alabama Department of Mental Health and Mental Retardation.
This appeal followed. We affirm.
The dispositive issue on appeal is whether there was substantial evidence before the trial court to warrant committing the appellant involuntarily. Initially, we note that, when evidence is presented ore tenus, the decision of the trial court is presumed correct and should not be reversed absent an abuse of discretion. In re Bryant, 485 So.2d 750 (Ala.Civ.App.1986). Commitment, such as the one in the instant appeal, is effected pursuant to § 12-15-90(a), Ala.Code. 1975 (1986 Repl. Vol.), which provides:
“The state, any county or municipality or any governmental agency, including, but not limited to, the department of human resources or the department of youth services, or any person, including a *272 parent, legal guardian or other person standing in loco parentis, may petition to have any minor or child, as defined in this chapter, committed to the custody of the state department of mental health and mental retardation on the basis that such minor or child is mentally ill or mentally retarded and as a consequence of such mental illness or mental retardation poses a real and present threat of substantial harm to himself or to others.”
Furthermore, § 12 — 15—90(i), sets forth the elements which must be proven by substantial evidence before the court may grant such a petition. First, it must be shown that the minor or child sought to be committed is mentally ill and that, as a consequence of such illness, he poses a real and present threat of substantial harm to himself or to others. Such a threat must be evidenced by a recent overt act. Moreover, it must be demonstrated that treatment is available for the minor or child or that confinement is necessary to protect against the aforementioned threat of harm. Last, commitment must be shown to be the least restricting alternative necessary and available for effectively treating the minor's or child's illness.
Specifically, the appellant asserts that there was not substantial evidence before the juvenile court that committing him was the least restricting alternative necessary to treat his mental illness. We disagree with the appellant's contention. Furthermore, the appellant apparently does not dispute that the remaining requirements of § 12 — 15—90(i) were demonstrated, as no such argument is set forth in his brief.
Substantial evidence was before the juvenile court to support its conclusion that, in this instance, commitment was warranted. Oral evidence was presented at two separate hearings conducted prior to the juvenile court’s final order. As regards the requirement that commitment be shown to be the least restricting alternative necessary and available to treat the appellant, Dr. Lindsay, a licensed psychiatrist, testified that the appellant was in need of long-term inpatient care in order to treat his mental illness.
He stated that hospitalization was not a viable alternative because the appellant was in need of long-term care and that local hospitals were suited to treat patients such as the appellant on a short-term basis only. He further testified that this situation was exacerbated by the fact that the appellant required heavy medication in order to control his condition and that his refusal to take such medication consistently further necessitated his being placed in an environment where it could be regularly administered.
Finally, the alternative of allowing the appellant to remain at the residential care facility, where he had resided for more than a year prior to the commitment hearing, was dismissed as a viable alternative by Dr. Lindsay, who testified that outpatient care was not suitable because of the threat the appellant posed to himself and to others. We note, additionally, that no witnesses were presented by the appellant to refute such testimony. Consequently, we find that there was substantial evidence to support the trial court’s conclusion that there were no less restricting alternatives than committing the appellant. In light of our standard of review, this case is due to be affirmed.
AFFIRMED.
INGRAM, P.J., and ROBERTSON, J., concur.