Daniel Deloney appeals a judgment for the plaintiff, Maxine Chappell, ordering dissolution of a partnership, payment of a note, attorney fees, and distribution of partnership assets. We affirm.
In January 1984, Daniel Deloney and Maxine Chappell formed a partnership known as Deloney Financial Associates (hereinafter referred to as "D.F.A."). The partnership was formed pursuant to an oral agreement and lasted from January 1984 until December 1985. During its existence as a partnership between Deloney and Chappell, D.F.A. was involved in a variety of investment ventures: apartment complexes, a supply boat for off-shore oil rigs, securities investments, and interests in a major motion picture venture. Prior to the formation of D.F.A., Chappell had worked for Deloney in his financial planning business. During that time Deloney was involved in the development of an apartment complex in Savannah, Georgia, known as "Cross Roads Villas." In connection with that venture, Chappell took a promissory note from Deloney, dated July 7, 1983, for $74,583 plus interest. Chappell received payments only through December 1985, at which time three payments remained to be made. Chappell left D.F.A. in December 1985.
On July 31, 1986, Chappell filed a two-count complaint in the Houston County Circuit Court; Count One sought dissolution of the D.F.A. partnership. Chappell modified her complaint on May 8, 1987, adding a third count, alleging failure by Deloney to pay the promissory note, and seeking appropriate damages. The case was presented ore tenus on July 7 and August 11, 1989, and a judgment was issued in Chappell's favor on Counts One and Three[1] on November 3, 1989. The judgment read as follows:
 "Upon hearing the evidence, the Court finds that Plaintiff [Chappell] is entitled to payment of said note in the amount of $43,625.00; Attorneys fees as provided in the said note of $14,527.00 and $24,939.82 from said partnership; accordingly, judgment is therefore rendered for Plaintiff and against Defendant, Daniel W. Deloney, for the sum of $83,091.82. This Order shall terminate Plaintiff's interest in the Partnership, Deloney Financial Associates."
Deloney appeals, arguing: 1) that the judgment declaring the dissolution of D.F.A. was legally insufficient, and 2) that the judgment on the promissory note, the dissolution of D.F.A., and the distribution of D.F.A. assets was palpably wrong, manifestly unjust, and not supported by credible evidence.
In support of his contention that the dissolution judgment was legally insufficient, Deloney cites Dutton v. LeMaster,437 So.2d 1245 (Ala. 1983). In Dutton this Court held:
 "[A] judgment dissolving a partnership should contain: A date of dissolution; a determination of the assets and indebtedness of the partnership; a marshalling of the assets or accounting; a determination of partnership property; and a distribution of the assets and liabilities and a determination of contribution."
437 So.2d at 1247, citing Briley v. Briley, 51 Ala. App. 671,288 So.2d 733 (1974). Deloney argues that the judgment of the trial court was legally insufficient, because, he says, it did not determine a date of dissolution, did not order a marshalling of the assets and payment of creditors, and did not determine each partner's interest in the property of the partnership. *Page 624 
It was undisputed that Chappell left the partnership in December 1985. For accounting purposes, the partnership was deemed dissolved as of December 31, 1985. This date of dissolution was never challenged below. All of the testimony supported a dissolution as of this date, and there was simply no issue for the trial judge to determine regarding the date of dissolution. Additionally, Deloney never presented this issue to the trial judge for determination, if he disputed the date of dissolution. A trial court will not be put in error on issues not presented to it.
Deloney argues that it was not ordered that the assets of this partnership be "marshalled" following dissolution. In this instance, there was no necessity for the marshalling of assets. The only assets of the partnership were commissions earned prior to dissolution, but received after dissolution. Deloney received these funds in cash payments from the investors as they fell due. These funds were partnership assets and all of the assets were cash funds. Deloney had possession of all of the cash funds received, and Chappell is entitled to receive one-half of the commissions collected. There were no other assets to marshall. Thus, there was nothing for the court to order sold and converted to cash. The evidence supports the court's finding that Deloney had, in fact, received these funds and did owe a portion of them to Chappell. Consequently, Chappell was entitled to a money judgment against Deloney, because he had received funds that rightfully belonged to her.
Any contingent liabilities of D.F.A. would be borne equally by the parties after the dissolution, if such contingent liabilities were to be liquidated after dissolution.Dutton's requirements were met by the trial court under the facts of this case.
As to the trial court's actual findings of fact, Deloney argues that they are incorrect. Specifically, he argues that the court's judgment on the promissory note declaring a dissolution of D.F.A. and distribution of D.F.A. assets was based on a finding of fact that was palpably wrong, manifestly unjust, and unsupported by credible evidence. The standard of review applicable to judgments based upon evidence and testimony presented ore tenus is well established and quite rigorous. As this Court recently stated in Humphries v.Whitely, 565 So.2d 96 (Ala. 1990):
 " 'Where a trial court has heard ore tenus
testimony, as in this case, its judgment based upon that testimony is presumed correct and will be reversed only if, after consideration of the evidence and all reasonable inferences to be drawn therefrom, the judgment is found to be plainly and palpably wrong.' McInnis v. Lay, 533 So.2d 581, 582
(Ala. 1988) (citation omitted). Furthermore, '[t]his Court . . . will affirm the trial judge's decision if, under any reasonable aspect, it is supported by any credible evidence.' Chism v. Hicks, 423 So.2d 143, 144 (Ala. 1982) (citation omitted) (emphasis added). Finally, '[t]his, Court cannot overturn [the] finding[s] of fact by the lower court unless the decision is unsupported by the evidence . . . and is plainly and palpably erroneous. . . . Further, the presumption of correctness exists even though there may be conflicting evidence.' Kershaw v. Knox Kershaw, Inc., 523 So.2d 351, 365 (Ala. 1988) (citations omitted) (emphasis added)."
565 So.2d at 102.
The bulk of the factual testimony concerning the accounting of the partnership was provided by the accountants for both Deloney and Chappell. Deloney suggests that the trial court disregarded the testimony of Chappell's accountant (and therefore accepted the testimony of Deloney's accountant) arguing that Chappell's accountant did not properly balance the capital accounts of Deloney and Chappell before drawing any conclusions as to amounts owed to Deloney and Chappell after dissolution of D.F.A. Deloney then argues that the trial court misconstrued his accountant's testimony concerning those items included in the calculations used in determining Deloney's and Chappell's interests in *Page 625 
D.F.A. upon dissolution;[2] and that this mistake on the trial court's part led to Chappell's receiving a double recovery for the monies associated with the "Cross Roads Villas" promissory note.
It may very well be true that the trial court disregarded the testimony of Chappell's accountant, but the record does not specifically indicate this to be the case. This Court will not attempt to assume or hypothesize as to how the trial court dealt with the testimony of Chappell's accountant.
As to the contention that the trial court misconstrued the testimony of Deloney's expert, we note that there was testimony to support the trial court's findings. Testimony given by Deloney, as well as testimony by Chappell, would support the contention that the note was made before D.F.A. was formed, that Deloney had made the required payments on the note, and that he had ceased payments on the note when Chappell left D.F.A. As noted earlier, findings of fact based on ore tenus
evidence are presumed correct even though there may have been conflicting evidence. Humphries and Kershaw, supra. Reasonable minds could differ concerning whether the note was or should be a liability of D.F.A. The trial court's finding is based on a reasonable inference drawn from the evidence. Kershaw, supra. Thus, the judgment of the trial court is affirmed.
AFFIRMED.
HORNSBY, C.J., and JONES, HOUSTON and KENNEDY, JJ., concur.
[1] Count Two of Chappell's complaint was tried before a jury, which rendered a verdict for Deloney. The jury verdict on Count Two is not involved in this appeal.
[2] Deloney's expert, William Carr, included the Deloney/Chappell note as a liability of D.F.A.