This is an appeal involving an action arising out of the distribution of assets following the dissolution of a partnership.
Teresa Houlditch filed suit in 1989 against her former partner, Frank Seifert, asking that the court render an accounting, direct the winding up of the partnership, and declare the rights and interests of the parties. After a nonjury trial, the court awarded Houlditch $8,054.91, to be paid by Seifert, who would then be entitled to all other assets of the partnership. The court also found that Houlditch would remain liable for one-half of certain partnership liabilities. Seifert then filed a motion for judgment notwithstanding the verdict or, in the alternative, for new trial. After a hearing on Seifert's motion, the court entered an order denying it. Seifert appeals.
We note at the outset that when a court sits without a jury and determines questions of fact which are in dispute, the ore tenus rule of review must be applied, and by this rule, the reviewing court must indulge all reasonable presumptions in favor of the trial court's findings. Hartford Acc. Indem.Co., Inc. v. American Country Clubs, Inc., 353 So.2d 1147
(Ala. 1977).
The instant case involves conflicting evidence as to the formula for income division in the partnership for 1988; in fact, there is some question as to whether there was any agreement at all. Seifert argues that the evidence supports the application of the 1987 formula for distributing the 1988 partnership assets. Houlditch testified that they only agreed to apply the formula to the 1987 assets. The partnership agreement provides that the income for 1987 and later years would be allocated in accordance with a formula to be agreed upon within 90 days of the end of each calendar year, suggesting that the terms for 1988 may not have been settled.
Seifert contends that the emphasis placed by the trial court on one particular piece of evidence amounts to reversible error. In cases where the evidence conflicts, the trial court is free to choose which evidence it believes and it is up to the court to resolve the conflicts. Watkins v. Montgomery DaysInn, 455 So.2d 23 (Ala.Civ.App. 1984). It is not this court's duty to weigh evidence; instead, we should "indulge all favorable presumptions to sustain the trial court" and reverse only on a showing that the court's finding is plainly erroneous or manifestly unjust. Gann Lewis Roofing Co. v. Sokol,359 So.2d 815 (Ala.Civ.App. 1978). For this court to reverse the trial court, the record must show there is no credible evidence to support the findings of the trial court. Gann, supra. Here, given the conflicting evidence regarding the formula for distributing partnership assets presented at trial, we cannot say there was no credible evidence to support the court's findings.
In view of the above, the judgment of the trial court is due to be affirmed.
AFFIRMED.
ROBERTSON, P.J., and RUSSELL, J., concur. *Page 276