L. CHARLES WRIGHT, Retired Appellate Judge.
Tommy Wadsworth filed a complaint in the Circuit Court of St. Clair County against Pat and Kay Ryan, alleging breach of an oral contract and misrepresentation. Following ore tenus proceedings, the trial court found in favor of the Ryans. Wads-worth filed a postjudgment motion, which was denied. Wadsworth appeals.
Wadsworth insists that the judgment of the trial court was against the great weight of the evidence.
The record reflects that the Ryans, owners of a car leasing company, leased a van to Wadsworth. In August 1990 Wads-worth approached the Ryans about getting out of the van lease in order to lease a Jaguar. Kay Ryan informed Wadsworth that in order to get out of the van lease he would have to ■ pay $1,200, the negative balance remaining on the van.
Wadsworth and Kay Ryan eventually entered into an oral agreement wherein Wadsworth, who is in the paving business, would pave the Ryans’ driveway, and the Ryans would take care of the negative balance on the van.
By December 1990 the driveway was not paved, and the van was not paid off. That month Ryan told Wadsworth that, because he had not paved her driveway, she had not paid off the van. Wadsworth reclaimed the van. By this time the negative balance on the van had increased.
There was a dispute in the evidence concerning the parties’ understanding of the agreement. This dispute was the pivotal issue of the trial.
Wadsworth testified that it was his understanding that Ryan would pay off the van and that he would pave her driveway the next time that he was in her area. He testified that he did not have a job in her neighborhood until December 1990.
Kay Ryan testified that she agreed to pay the negative balance owed on the van only after Wadsworth paved her driveway. She stated that the paving of the driveway was a condition precedent to paying off the negative balance. She stated that she did not pay the negative balance, because Wadsworth never paved her driveway.
Considering this conflicting evidence, the trial court found the following:
“The Plaintiff has the burden of proving his allegations. There was no written *4 contract nor any writing whatsoever proving the terms of the contract. “After hearing the evidence from Wads-worth and his witnesses and Ryan and her husband, the court cannot say that it is reasonably satisfied from the evidence that Ryan promised to pay off the van before Wadsworth paved her driveway and allowed Wadsworth to wait until he had paving in her area to perform his end of the bargain.”
In cases involving conflicting evidence, the trial court is free to choose which evidence it believes. It is for the court to resolve the conflicts. Seifert v. Houlditch, 583 So.2d 274 (Ala.Civ.App.1991). This court is not authorized to weigh the evidence. Instead, we indulge all favorable presumptions to sustain the trial court’s decision. We will reverse the trial court’s decision only on a showing that the court’s finding is plainly erroneous, manifestly unjust, or not supported by credible evidence. Seifert.
The evidence supports the trial court’s finding. Accordingly, the judgment in favor of the Ryans is affirmed.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.