THIGPEN, Judge.
This is a recommitment case.
The record reveals that Eric Levon Adams has been a patient at Bryce Hospital (Bryce) since November 1990, when he was committed to the custody of the Department of Mental Health and Mental Retardation (Department). Bryce Director Charles Fetner filed a petition in probate court to renew Adams’s commitment to the Department in May 1992, alleging that Adams has bipolar disorder, manic, characterized by delusions, paranoia, and inappropriate sexual behavior. Additionally, there *281 were allegations that Adams posed a threat of substantial harm to himself and others because of inappropriate sexual behavior and poor judgment. The petition further stated that “Adams needs the structured and supervised environment of an inpatient hospital to treat his mental illness.”
A hearing was held in June 1992, before a special probate judge. At the hearing, Dr. Romeo Gomez, Adams’s treating psychiatrist, testified that while under his care Adams had not displayed delusional thinking, but that Adams had displayed inappropriate sexual behavior by exposing himself to female employees at Bryce on prior occasions. Dr. Gomez testified that Adams would not seek treatment for his mental illness if he were not in a structured environment because of his poor insight and judgment, and that Adams’s mental status and functioning would deteriorate without proper treatment and medication.
The trial court granted the petition to renew Adams’s inpatient commitment, and its order tracked, almost verbatim, the requirements of Ala.Code 1975, §§ 22-52-10.4 and -37(a)(7). Adams appealed pursuant to Ala.Code 1975, § 22-52-15, contending that the trial court erred by finding that his exposing himself to females created a real and present threat sufficient to justify involuntary inpatient commitment, and that the evidence did not indicate he would fail to take his medication.
We first note that in an ore tenus proceeding, the trial court’s decision is presumed correct and should not be reversed unless there is an abuse of discretion. D.L. v. State Department of Human Resources, 562 So.2d 271 (Ala.Civ.App.1990). Additionally, the controlling law in recom-mitment cases was discussed at length in Thomas v. State Department of Mental Health & Mental Retardation, [Ms. 2910493, December 11, 1992], 1992 WL 362095 (Ala.Civ.App.1992), which addressed the applicability of Lynch v. Baxley, 386 F.Supp. 378 (M.D.Ala.1974), rev’d on other grounds, 651 F.2d 387 (5th Cir.1981), to recommitment cases in Alabama.
Adams’s first contention is that pri- or incidents of indecent exposure do not create a real and present threat of substantial harm to himself or others as required by Ala.Code 1975, §§ 22-52-10.4(a)(ii) and - 37(a)(7)b. Ala.Code 1975, § 13A-6-68, identifies indecent exposure as a Class A misdemeanor. Such behavior clearly creates a real and present threat of substantial harm to self or others.
The question of Adams’s future treatment is a more compelling issue. The record reveals that since Adams’s hospitalization, he has shown improvement as a result of taking his medication. The record is unclear regarding Adams’s future treatment. Adams testified that he would “probably make arrangements at the mental health center in Birmingham, Alabama, The Smolian Clinic” for his medication. He also stated, however, that he felt he did not need to continue with his medication and treatment.
Anticipated noncompliance with medical treatment following release to a non-structured environment is a factor in considering whether a patient may be released. Schell v. State Department of Mental Health & Mental Retardation, 606 So.2d 1149 (Ala.Civ.App.1992), citing Williams v. Wallis, 734 F.2d 1434 (11th Cir.1984).
Dr. Gomez testified that in his opinion, Adams probably would not seek treatment if Adams was outside a structured environment. The trial court found that without treatment, Adams would experience deterioration of his ability to function independently.
There is evidence in the record supporting the trial court’s decision to renew Adams’s inpatient commitment. In light of the applicable legal principles, we find no error in the judgment ordering Adams’s recommitment. Therefore, the trial court’s order is due to be, and it is hereby, affirmed.
AFFIRMED.
ROBERTSON, P.J., and RUSSELL, J., concur.