This case concerns the dissolution of a joint venture and the distribution of its assets.
In March 1991, Road Shows, Inc., and Robert E. Mozer (hereinafter jointly referred to as Mozer) filed a complaint for a declaratory judgment against D.J. Sherwood Transportation, Inc. and Clyde L. Smith (hereinafter jointly referred to as Smith). The complaint alleged, among other things, that in approximately January 1990, the parties agreed to merge their respective corporations into one trucking business, with Smith and Mozer each owning 50% of the merged company. Mozer alleged that since October 1990, the parties had merged their operations and assets and had operated as one business entity, under the name Road Shows, Inc. Mozer further alleged that Smith had refused to comply with the agreement, and had threatened to unilaterally dissolve the joint venture. Mozer sought a temporary restraining order, a preliminary injunction, and, upon a final hearing, a determination of the rights and interests of the parties in and to the assets of the merged business. The trial court granted the temporary restraining order and set a hearing for the preliminary injunction.
On April 8, 1991, Smith's motion for a change of venue to Mobile County was denied following a hearing. The parties consented for the temporary restraining order to remain in place until a temporary injunction consent order could be prepared and entered. On April 23, 1991, the trial court issued that consent order, which enjoined and restrained Smith from engaging in specific conduct, and ordered Smith and Mozer to return specific assets to each other.
On April 23, 1991, Smith answered and filed a counterclaim, alleging that the parties had agreed to enter into a joint venture, with each party investing equal amounts of capital and equipment. Smith further alleged, among other things, that he had contributed substantial money and assets to the joint venture, and that Mozer had failed to contribute equally. Smith requested that the trial court dissolve the joint venture, and, among other things, that it order Mozer to pay an amount equal to Smith's contribution to the joint venture.
Following ore tenus proceedings, the trial court dissolved the business relationship, and it entered a judgment against Mozer and in favor of Smith in the amount of $8,316.99. Both parties filed post-judgment motions and entered an express consent to extend the time for the trial court to rule upon their motions, due to additional time needed to review the financial information the trial court requested from the parties. Rule 59.1, A.R.Civ.P. Other motions followed, and ultimately, *Page 886 
following hearings on all pending motions, the trial court denied all motions, and Smith appealed.
Smith presents two issues on appeal: (1) whether the trial court erred in denying his motion for a change of venue, and (2) whether the trial court erred in the method it used to effect a division of the dissolved joint venture.
Smith contends that he interpreted the agreement to mean that each party would dissolve their respective corporation and form a new corporation, with equal investments. Mozer asserts that he interpreted the agreement to mean that the parties would merge their respective businesses into one business, with each becoming equal owners in the merged business. Although the parties never formally merged or dissolved their separate corporations, they operated a joint venture under the name Road Shows, Inc. There was conflicting testimony regarding each party's financial contribution to the joint venture; however, it was undisputed that each party contributed equipment and other assets to the joint venture. Smith testified that he had not been asked to pay any indebtedness incurred by the joint venture, and that the only issue left to resolve concerned each party's contributions and an accounting of the funds. Smith, Mozer, and the trial court used several different terms to denote the parties' business relationship, including "joint venture," "partnership," and "business relationship," and for purposes of this appeal, we will treat those terms as being synonymous.
Smith's first argument concerns the trial court's denial of his motion for a change of venue to Mobile. Mozer's complaint alleged that Smith listed his residence as Baldwin County, and that his corporation was an Alabama corporation doing business in Baldwin County. Smith admitted those allegations in his answer, and he also adopted and incorporated into his counterclaim the paragraphs containing those allegations. Venue for actions against resident individuals "[m]ust be brought in the county where the defendant . . . resides at the commencement of the action." Rule 82(b)(1)(A), A.R.Civ.P. Residence denotes "the place where the person is deemed in law to live and may not always be the place where the person is actually dwelling." Ex parte Sides, 594 So.2d 93, 95 (Ala. 1992). "[A] domestic corporation may be sued in any county in which it does business by agent or was doing business by agent at the time the cause of action arose." Ala. Code 1975, § 6-3-7. Furthermore, one may unsuccessfully raise the defense of improper venue and, after unsuccessful litigation on the merits, the party may appeal, attacking the judgment both on the merits and on the ground of improper venue. Ala. Code 1975, § 6-8-101. Smith's answer and counterclaim admitted that he resided in, and that his corporation did business in, Baldwin County. His venue challenge is inconsistent with that position. See Clark v. Holland, 274 Ala. 597, 150 So.2d 702 (1963). The record discloses that venue was proper in Baldwin County. Whether to grant or deny a motion for a change of venue is a matter vested within the sound discretion of the trial court.Sides, supra. We find no abuse of discretion in denying Smith's motion to change venue from Baldwin County to Mobile County.
Smith next contends that the method used by the trial court to calculate the division of the dissolved joint venture was erroneous. He argues that "the trial court took a confusing and complicated path to arrive at its valuation." Specifically, Smith argues that the trial court should have used the financial position statement prepared by Smith's accountant, instead of a contribution analysis or approach. Smith fails to cite any relevant authority that supports his position, and he simply restates what he thinks the trial court should have done. Although he cites Ala. Code 1975, § 10-8-97, and Dutton v.LeMaster, 437 So.2d 1245 (Ala. 1983), to support his argument, neither authority supports his argument or aids in the disposition of this issue. The argument of a brief "shall contain the contentions of the appellant with respect to the issues presented, and the reasons therefor, with citations to the authorities." Rule 28(a)(5), A.R.App.P. Although the authorities cited by Smith are irrelevant to the issue he presents, our review reveals that the trial court's judgment, in conjunction with *Page 887 
the prior consent order, substantially complied with the requirements of the case and the statute cited by Smith.
At trial, the parties gave conflicting testimony concerning the contribution made by each party to the joint venture. It appears that the trial court used the available evidence to dissolve and divide the joint venture. Furthermore, the trial court's judgment reveals that the court considered, and relied on, the testimony, the accounting information provided by Mozer as directed, and the fact that Smith offered no rebuttal. At the ore tenus proceedings on the post-judgment motions, both parties again presented conflicting evidence, particularly regarding the financial documentation. Smith's accountant testified regarding a financial position statement that he had prepared based on assumption. He further testified that some of his figures needed to be adjusted and that he was uncertain regarding certain facts and figures. Mozer's accountant and his attorney disputed the soundness and accuracy of Smith's financial position statement. At the last hearing on the post-judgment motions, Smith argued that the trial court should have used his financial statement to effectively dissolve the joint venture.
Where evidence is presented ore tenus, the trial court's judgment is presumed correct and will not be reversed unless a review of the evidence, and all reasonable inferences to be drawn therefrom, reveals that it is plainly and palpably wrong.Deloney v. Chappell 570 So.2d 622 (Ala. 1990). For this court to reverse the judgment of the trial court, the record must show that no credible evidence supports the trial court's findings. Seifert v. Houlditch, 583 So.2d 274 (Ala.Civ.App. 1991). Furthermore, in considering conflicting evidence, "the trial court is free to choose which evidence it believes . . . to resolve the conflicts." Seifert at 275. It is the trial court's duty to weigh the evidence, and this court will indulge all favorable presumptions to sustain the trial court's judgment. Seifert, supra,
The trial court was not obligated to weigh heavily, adopt, or even accept Smith's financial position statement, especially in light of the conflict surrounding it. Furthermore, whether to consider a new legal argument in a post-judgment motion is within the trial court's discretion. Green Tree Acceptance,Inc. v. Blalock, 525 So.2d 1366 (Ala. 1988). After the hearings on the post-judgment motions, the trial court stated the following in its judgment: "The court, after considering the alleged new evidence, determines that it was known to [Smith] at the time of the original trial and that the court['s] approach to resolving the case was correct."
The trial court requested additional accounting information from the parties and requested that the parties allow extra time for the court to study the documents. At the hearings, the trial court thoroughly and extensively questioned the parties, their counsel, and their accountants in an attempt to clarify the conflicting testimony and financial documents presented, especially the financial position statement. Our review of the record discloses no abuse of discretion in the dissolution or division of this joint venture. Accordingly, the judgment of the trial court is due to be, and it is hereby, affirmed.
AFFIRMED.
ROBERTSON, P.J., and YATES, MONROE and CRAWLEY, JJ., concur.