Carl Garrett was admitted to University Hospital on March 19, 1997. Garrett's sister petitioned for his involuntary commitment on March 21, 1997. A guardian ad litem was appointed for Garrett, and on April 1, 1997, a probable cause hearing was held at the hospital. After the ore tenus hearing, the probate court issued a final order committing Garrett to the custody of the State Department of Mental Health. Garrett appealed.
Initially, we note that when evidence is presented ore tenus, a presumption of correctness attaches to the trial court's judgment based on that evidence, and its judgment will not be reversed absent an abuse of discretion. Love v. StateDepartment of Human Resources, 562 So.2d 271
(Ala.Civ.App. 1990). Further, this court is not authorized to weigh the evidence, but must indulge all favorable presumptions to sustain the decision of the trial court. See Wadsworth v. Ryan,609 So.2d 2, 4 (Ala.Civ.App. 1992).
Garrett contends that the probate court failed to require a showing of a real and present threat evidenced by an overt act. Garrett argues that proof of an overt act is necessary for an involuntary commitment, pursuant to Lynch v. Baxley,386 F. Supp. 378 (M.D.Ala. 1974).
Our recent decision in Webster v. Bartlett, [Ms. 2960183, March 28, 1997] ___ So.2d ___ (Ala.Civ.App. 1997), holds that the requirements of Lynch are no longer binding. Under Webster, commitment proceedings need only fulfill the requirements set forth in the Alabama Code.
Section 22-52-10.4(a), Ala. Code 1975, provides: *Page 275 
 "A respondent may be committed to inpatient treatment if the probate court finds, based upon clear and convincing evidence that: (i) the respondent is mentally ill; (ii) as a result of the mental illness the respondent poses a real and present threat of substantial harm to self and/or others; (iii) the respondent will, if not treated, continue to suffer mental distress and will continue to experience deterioration of the ability to function independently; and (iv) the respondent is unable to make a rational and informed decision as to whether or not treatment for mental illness would be desirable."
Because a recent overt act is not required under this section, the probate court is not required to find an overt act. Thus, the probate court did not err in this regard.
Garrett further contends that he was denied due process because, he claims, he was involuntarily confined to the hospital without a prior petition and judicial determination and the probate court failed to hold a timely preliminary hearing. Because this issue is dispositive, we will not address Garrett's other claims.
The state argues that Garrett could be committed without a prior petition, pursuant to Act No. 353, 1975 Ala. Acts p. 891 (effective September 16, 1975). This Act applies only to counties with a population of 600,000 or more, such as Jefferson County. Id. (Other counties can elect to have the same process under § 22-52-92, Ala. Code 1975 (1996 Supp.)). Under the Act, a law enforcement officer can take a person into custody and transport that person to a mental health facility when the officer has reasonable cause to believe the person is likely to endanger himself or others. Id. Further, the Act states that once a person is transported to the mental health facility, a member of the psychiatric staff shall evaluate that person and determine if he should be admitted to the facility.Id. If that person is admitted, the probate judge of the county must be informed of that fact and must set a date for a probable cause hearing to determine whether commitment is necessary. Id.
Garrett argues that § 22-52-7(a) is applicable and, thus, that he was denied due process because no prior petition was filed and he did not receive an initial interview, as he says is required under § 22-52-7(a). Nevertheless, § 22-52-7(a) is not applicable to Garrett's situation. Garrett was taken to the hospital by police officers after he had jumped out of a moving car. Such a situation would come within the terms of Act No. 353. Thus, a prior petition was not necessary, and the probate judge was not required to hold an initial interview.
Under the Act No. 353, the probate judge is required to set a hearing to determine if there is probable cause to continue the person's detention until a final commitment hearing can be held. The state contends that § 22-52-8(a), Ala. Code 1975, is applicable for setting the time of the probable cause hearing. That Code section provides:
 "When any respondent sought to be committed has any limitation imposed upon his liberty or any temporary treatment imposed upon him by the probate judge pending final hearings on such petition, the probate judge, at the time such limitation or treatment is imposed, shall set a probable cause hearing within seven days of the date of such imposition."
Act No. 353 states: "In no event may detention in the absence of a probable cause hearing exceed seven (7) days from the date of the initial detention."
On March 25, 1997, the probate court sent Garrett a notice of the commitment petition and in that notice stated that it had ordered the county sheriff to take custody of Garrett until the hearing. This was the probate court's first limitation upon Garrett's liberty. Seven days later, on April 1, 1997, the court held a hearing.
Under § 22-52-8(a), the probate court's hearing was timely. However, the state cannot claim to be under the requirements of Act No. 353 for one part of the commitment process and then claim to be under the Code for another. The Act, and not the Code, is applicable in this situation because, here, the commitment was initiated by the actions of the law enforcement officers and not by the filing of a petition. The fact that a petition *Page 276 
was later filed did not remove the state from the remaining requirements of the Act. The Act requires a hearing within seven days from the initial detention. Garrett was admitted to the hospital on March 19, 1997. The April 1 probable cause hearing was held more than seven days after Garrett's initial detention. Thus, Garrett was denied due process. Burson v.State, 707 So.2d 260 (Ala.Civ.App. 1997).
For the foregoing reasons, the judgment of the trial court is reversed.
REVERSED AND REMANDED.
YATES, CRAWLEY, and THOMPSON, JJ., concur.
ROBERTSON, P.J., concurs in the result.