Mary Pauline Meadows appeals from a final judgment rendered by the Circuit Court of Houston County in an estate administration proceeding.
Robert E. Meadows died intestate on March 2, 1977. He was survived by his spouse, Mary Pauline Meadows, and four children. Mrs. Meadows was appointed administratrix of the estate by the Probate Court of Houston County on May 2, 1977. During the following years, Mrs. Meadows handled collection of estate revenues and payment of estate expenses.
In December 1984, First National Bank of Ashford, Alabama, obtained a $60,861.57 judgment against Robert B. Meadows, one of the heirs of Robert E. Meadows. At that time, the estate remained undivided.
On November 17, 1986, pursuant to a petition for removal filed by First National Bank, the administration of the estate was removed from the Probate Court of Houston County to the Circuit Court of Houston County. On the same day, First National Bank filed a complaint against Mrs. Meadows, individually and as the administratrix of the estate of Robert E. Meadows, demanding an accounting by Mrs. Meadows of all income and expenditures relating to the estate from March 2, 1977; a judgment against Mrs. Meadows, individually and as administratrix of the estate, for any sums that the court should find Mrs. Meadows used for her own benefit to the detriment of the estate; and a lien against the interest of Robert B. Meadows in the estate, pursuant to First National Bank's judgment against Robert B. Meadows.
After an ore tenus hearing, the trial court, on August 21, 1989, entered an order making the following findings of fact:
 "I find that the land rent in controversy should be credited to the Estate. The decedent's heirs have not executed a *Page 304 
statutory disclaimer and the purported waiver amounts to no more than an annual gift of money constructively received by the Estate. Bobby [Robert B.] Meadows' interest in the Estate is subject to setoff for $1,500.00 in past due rent with interest computed at 6%.
 "I find that the Plaintiff has no standing to attack the conveyance made by the decedent's heirs to Mrs. Mary Meadows in 1977, apparently before Robert B. Meadows became a judgment debtor of the Plaintiff. I therefore find that the Lake Seminole property does not form part of the decedent's Estate.
 "I find that the decedent's Estate does not include the City National certificates. Apparently, Mary Meadows contributed significantly to the certificates and her accountant erred in reporting the interest on them as Estate income on Form 1041.
 "The Estate includes Mississippi Chemical Stock and any dividends paid on it during administration from part of the Estate, with interest at 6% on the dividend accumulation. The amount creditable with respect to the stock is its present fair market value.
 "I find that the Defendant is chargeable with bills paid or reimbursed from the Estate outside the non-claim statute. I find that the six month bar does not apply, however, to insurance and medicare claims not fully settled within the non-claim period.
 "State and Federal income taxes accrued during the decedent's lifetime are proper Estate expenses. The alleged 'segregation' of land to Bobby Meadows is ineffective for 1984 and later years. The Estate is entitled to recapture the income discrepancies claimed by the Plaintiff for 1977 and later years with interest at 6%. The Estate properly paid Mr. Crim's fees. The Defendant is entitled to her administrator's fees computed at 2 1/2% of the allowed income and 2 1/2% of the allowed expenses."
On October 2, 1989, the trial court entered a final order setting forth the annual credits to the estate as income, together with the fees and expenses due the administratrix, arriving at a final balance held in the estate and holding that the judgment lien attached to the undivided 1/4 interest of Robert B. Meadows. On October 31, 1989, Mrs. Meadows filed a motion to alter, amend, or vacate the judgment, which was denied.
In Humphries v. Whiteley, 565 So.2d 96 (Ala. 1990), this Court stated:
 "The standard of review applicable to judgments based on ore tenus evidence is well established. 'Where a trial court has heard ore tenus testimony, as in this case, its judgment based upon that testimony is presumed correct and will be reversed only if, after consideration of the evidence and all reasonable inferences to be drawn therefrom, the judgment is found to be plainly and palpably wrong.' McInnis v. Lay, 533 So.2d 581, 582 (Ala. 1988) (citation omitted). Furthermore, '[t]his Court . . . will affirm the trial judge's decision if, under any reasonable aspect, it is supported by any credible evidence.' Chism v. Hicks, 423 So.2d 143, 144 (Ala. 1982) (citation omitted) (emphasis added). Finally, 'this Court cannot overturn [the] finding[s] of fact by the lower court unless the decision is unsupported by the evidence . . . and is plainly and palpably erroneous. . . ."
565 So.2d at 101-02.
Mrs. Meadows's basic argument is that the trial court incorrectly resolved the accounting question. She also argues that under the law as it existed in 1977, Robert B. Meadows was entitled to only a 1/5 interest in the estate. However, upon review of the record before us, we find that the trial court's findings are supported by credible evidence. An examination of the facts surrounding the estate administration and the law applicable thereto shows that the conclusion of the trial court is not plainly and palpably wrong.
The judgment is affirmed.
AFFIRMED.
HORNSBY, C.J., and MADDOX, ALMON and ADAMS, JJ., concur. *Page 305