This case involves the dissolution of a partnership and a request for an accounting.
In late 1993 or early 1994, Larry and Teresa Myrick entered into an oral partnership agreement with Steve Gladish to build *Page 436 
homes in a subdivision the Myricks were developing. Under the terms of the oral agreement, the Myricks were to procure financing for the construction of the homes and Gladish was to manage the construction. The Myricks were to get 60 percent of the profits earned and Gladish was to get 40 percent. After operating under this arrangement for about one year — and after the construction of 23 homes — the Myricks terminated their relationship with Gladish because, Larry said, they learned Gladish was building houses for other people and they believed that was a conflict.
In February 1995, the Myricks sued Gladish, asking the court to dissolve the partnership and seeking an accounting. Gladish counterclaimed, alleging that the Myricks had breached their contract with him and owed him $100,000 for work and labor done. In turn, the Myricks amended their complaint to allege fraud and a breach of the partnership agreement.
After a bench trial in which ore tenus evidence was presented, the trial court entered a judgment against the Myricks on their claims alleging fraud and breach of contract and in favor of Gladish on his breach of contract claim, awarding him $46,091.40. The trial court also ordered that the partnership be dissolved. The Myricks appeal.
The Myricks contend that the trial court misapplied partnership law in determining that they had breached an "at will contract," and that the court's subsequent award of damages to Gladish was unjust, against the great weight of the evidence, and unsupported by law.
The trial court heard ore tenus testimony in this case.
 "The standard of review applicable to judgments based on ore tenus evidence is well established. 'Where a trial court has heard ore tenus testimony, as in this case, its judgment based on that evidence is presumed correct and will be reversed only if, after consideration of the evidence and all reasonable inferences to be drawn therefrom, the judgment is found to be plainly and palpably wrong.' "
Humphries v. Whiteley, 565 So.2d 96, 101-02 (Ala. 1990) (quoting McInnis v. Lay, 533 So.2d 581, 582 (Ala. 1988));Meadows v. First National Bank of Ashford, 568 So.2d 303, 304
(Ala. 1990).
The parties presented conflicting oral testimony. As pointed out above, the Myricks testified that they terminated their business relationship with Gladish because they discovered he was building homes for other people and they believed that his doing so created a conflict. Gladish, however, testified that earlier in the year, he had bought house plans from the Myricks to build a home for someone else and that at that time they had made no objection to his building for others.
The evidence also showed that during the year Gladish worked with the Myricks he had completed 15 homes for them and had nearly finished 8 others. Each of the 8 unfinished houses was at least 80 percent completed when the Myricks ended their business relationship with Gladish. Gladish earned his livelihood as a homebuilder, and under his agreement with the Myricks he was responsible for building the homes. The Myricks testified that Gladish's work was satisfactory. Gladish contends that the evidence showed that he did not receive a share of the profits for his work on the last eight homes. The Myricks, however, claim that the evidence supports their contention that Gladish was taking money for his personal use from the money they provided to him for construction costs.
In its judgment, the trial court found that Gladish
 "acted in good faith with regard to his efforts to construct the homes made the subject-matter of the partnership agreement, and that he completed or substantially completed construction of the majority of those homes contemplated by the partnership, and if he failed to do so, the Court finds that such failure was due to direct acts of the [Myricks], such as their firing of [Gladish] at a certain time during their relationship."
The trial court then ordered that the partnership be dissolved, pursuant to § 10-8-92(a)(6), Ala. Code 1975, which allows a dissolution *Page 437 
when circumstances render a dissolution equitable. The trial court also expressly found that the Myricks had breached the partnership agreement between them and Gladish "or otherwise [so] conducted themselves in matters relating to the partnership business that it is not reasonably practicable to carry on the business of the partnership with [Gladish]." Such a finding allows for a dissolution pursuant to § 10-8-92(a)(4).
The Myricks correctly argue that when a partnership agreement does not fix a time for continuance, a partnership at will is created, and that such a partnership is terminable at the will of any partner. Abbott v. Hurst, 643 So.2d 589 (Ala. 1994). However, the Myricks appear to have misconstrued the law concerning the rights of partners to recover damages from other partners upon the partnership's dissolution. In Abbott, the Supreme Court held that if a partnership is dissolvable at the will of any partner, then a partner has no right to recover damages from another partner who terminates the partnership. We agree with Gladish that Abbott's holding does not preclude partners from receiving damages resulting from breaches of the partnership agreement not related to the dissolution of the partnership, only that a partner cannot recover from another partner damages resulting from the dissolution itself. In this case, Gladish did not seek damages on the basis that the Myricks breached their agreement simply by ending the "relationship" or partnership. Rather, he contends that the Myricks breached the terms of the agreement by refusing to pay him for the work he completed.
After reviewing the record, we hold that the evidence as set out above supports the trial court's findings that Gladish fulfilled his obligations under the agreement by building the homes and that the Myricks breached the partnership agreement by failing to compensate Gladish.
The trial court held that Gladish is entitled to recover damages for the Myricks' breach and awarded him $46,091.40. Although we affirm that portion of the trial court's judgment holding that the Myricks breached the partnership agreement, we must reverse as to the amount of damages awarded to Gladish. We note Gladish's contention that no partnership existed; however, our review of the record shows that whether a partnership existed was not an issue at trial. By ordering that the partnership be dissolved, the court made an implicit finding that there was a valid partnership. The trial court also found that "under the circumstances of this case, an exact accounting was never truly attempted by the parties hereto, nor did either party attempt to offer substantial help to the Court in the form of a master's report." However, an accounting was part of the relief the Myricks sought by bringing this action in the first place.
The proper time for an accounting is after a dissolution of a partnership, not beforehand as a means of proving that a dissolution is proper. Upon finding that a dissolution was proper, the trial court should have ordered an accounting.See, Mims, Lyemance, Reich v. UAB Research Foundation,620 So.2d 594 (Ala. 1993); Cooper v. Cooper, 289 Ala. 263,266 So.2d 871, 881 (1972). Therefore, we remand this cause to the circuit court for it to order an accounting.
Furthermore, our review of the record shows that the evidence presented as to the amount of partnership profits, losses, and expenses was based upon conjecture, the Myricks' haphazard accounting methods, and a hodgepodge of numbers that served as the basis for both parties' calculations of damages. The trial court did a valiant job with the evidence presented in determining the amount of damages to be awarded to Gladish; however, out of fairness to both parties, the trial court's award of damages to Gladish should be based on the figures derived from the accounting.
We affirm those portions of the trial court's judgment holding that the Myricks breached the partnership agreement and determining that Gladish is entitled to recover damages as a result of that breach. We reverse that portion of the judgment awarding $46,091.40 and remand this cause to the trial court for it to order an accounting and then to determine damages based upon the figures derived from that accounting. *Page 438 
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., and YATES, CRAWLEY, and THOMPSON, JJ., concur.