PITTMAN, Judge.
These appeals are from an action involving the disintegration of a partnership. The original complaint, filed by Steve Wadley, sought the dissolution of a partnership and an accounting. The Lee Circuit Court tried those claims without a jury. The defendants Charles 0. Walton and Steve Curry filed a counterclaim, stating tort claims. Those claims were separately tried to a jury. The trial court entered a judgment based on the nonjury proceeding and later entered another judgment based on the verdict the jury returned on the counterclaim. Wadley appealed from the first judgment, and the defendants appealed from the second judgment. We reverse both judgments.
I.
The plaintiff states the following issues for appeal: (1) whether the trial court abused its discretion when it placed the burden of proof on Wadley to prove that purchase orders placed in the name of the partnership were partnership property; (2) whether the trial court abused its discretion in ruling that similar ventures performed by the controlling partner to the exclusion of the partnership were not partnership property; (3) whether the trial court abused its discretion when it denied an amendment of the complaint to add a count alleging conversion; (4) whether the trial court abused its discretion when it failed to order an accounting; and (5) whether the trial court abused its discretion in failing to order Walton and Curry to pay Wadley’s attorney fees.
Wadley actually filed two complaints on the same day, with the same case number. One sought recovery on a promissory note signed by himself, Walton, and Curry, as partners of Wild & Free, a general partnership. The other sought dissolution of the partnership. Included in the complaint for dissolution was a prayer for relief, including, in pertinent part, “[t]hat an accounting of the partnership’s assets, liabilities, affairs in winding up and as otherwise may be proper be performed by a Certified Public Accountants [sic] appointed by or approved by the Court.” It is clear from these combined complaints that Wadley was not only seeking equitable relief — a dissolution and an accounting— but was also seeking legal relief based on the partnership note.
The partnership was formed on November 1, 1994, and any action relating to it is governed by the Alabama Partnership Act (APA), § 10-8-1 et seq., Ala.Code 1975, and any relevant cases. It has long been held that
“the APA merely codified the historical remedy provided at common law to a partner who has sued fellow partners over matters that resulted from partnership affairs, and this remedy has always required an equitable accounting.”
Ex Parte Master Boat Builders, Inc., 779 So.2d 192, 197 (Ala.2000), citing Broadmoor Realty, Inc. v. First Nationwide Bank, 568 So.2d 779, 782-83 (Ala.1990). Where a partner has filed an action at law against other partners and an accounting was part *493 of the relief requested, this court has reversed and remanded for the trial court’s failure to order an accounting. Upon the trial court’s finding that a dissolution is proper, the trial court should order an accounting. Myrick v. Gladish, 690 So.2d 435, 437 (Ala.Civ.App.1997), citing Mims, Lyemance, & Reich v. UAB Research Found., 620 So.2d 594 (Ala.1993); Cooper v. Cooper, 289 Ala. 263, 266 So.2d 871 (1972). We therefore remand this cause for the circuit court to (1) order an accounting, and (2) hold a hearing and make the findings contemplated in Dutton v. Lemaster, 437 So.2d 1245, 1247 (Ala.1983).[1] Here, somewhat similar to the situation in Myrick, we note that our review of the record indicates that a very convoluted presentation of the issues and evidence was made to the trial court, and that although the trial court valiantly attempted to ascertain and apportion damages, any award made to the parties should be based on figures derived from an accounting. See, Myrick, supra.
II.
On appeal of the judgment as it relates to their counterclaim, Walton and Curry argue: (1) that the trial court erred by allowing the affirmative defense of justification over the objection of counsel; (2) that the court erred by allowing Wadley to introduce Walton’s income from 1997, 1998 and 1999 into evidence over objection; and, (3) that the verdict returned by the jury was contrary to the evidence and contrary to the law and that the court, therefore, should have granted a new trial. Walton and Curry stated seven separate counts in their counterclaim. As best we can ascertain, they alleged (1) breach of the partnership agreement; (2) fraud; (3) suppression of a material fact; (4) negligence and/or wantonness; (5) breach of fiduciary duty; and, (6) intentional interference with a business relationship (twice pleaded). After trial, the jury returned a verdict purporting to find for Walton and Curry and to award $0.00. The court polled the jury for clarification, and it entered a judgment in favor of Walton and Curry, with no damages awarded. While Walton and Curry correctly point to a plethora of cases standing for the proposition that it is reversible error for the trial court to deny a motion for a new trial when a jury returns an inconsistent or inadequate verdict, we need not deal with that proposition. As previously stated, the counterclaim allegations clearly present legal claims that arise out of partnership matters. Therefore, these claims should not have been heard until an accounting and settling of partnership accounts had occurred. See Ex parte Master Boat Builders, Inc., supra, at 195.
Based on the foregoing, we reverse the judgment of the trial court as it relates to Wadley’s claims, and we instruct the trial court, on remand, to order an accounting and to hold a hearing so that it can issue an order consistent with that contemplated in Dutton v. Lemaster. (See footnote 1.) Additionally, we reverse that portion of the judgment that is based on the jury verdict on Walton and Curry’s counterclaim; on remand, the claims stated in the counterclaim should be retried after the accounting has been completed.
The appellant’s request for an attorney fee is denied.
2990181 — REVERSED AND REMANDED WITH INSTRUCTIONS.
*494 2990611 — REVERSED AND REMANDED WITH INSTRUCTIONS.
CRAWLEY, THOMPSON, and MURDOCK, JJ., concur.
YATES, P.J., concurs in the result.

. These findings include: a date of dissolution, a determination of the assets and indebtedness of the partnership, a marshaling of the assets or an accounting, a determination of partnership property, and, a distribution of the assets and liabilities and a determination of contribution.